Reverend George GIBSON, Appellant,

v.

R. O. "BILL" WILLIAMS INS. CO. et al., Appellee.

No. 6734.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 18, 1965.

Rehearing Denied Jan. 12, 1966.

Adams & Browne, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, Allen E. Smith, Austin, for appellee.

STEPHENSON, Justice.

This is an action for damages brought against the insurance agency for failure to re-insure a beach house which was destroyed by Hurricane Carla. Trial was by jury and judgment was instructed for defendants at the close of plaintiff's testimony. The parties will be referred to here as they were in the trial court.

According to plaintiff's petition this action is based upon negligence, breach of contract, estoppel and fraud. This being an instructed verdict case, we must view the evidence in the most favorable light from the standpoint of the plaintiff, against whom the judgment was instructed.

September 2, 1958, defendants wrote two policies of insurance, each in the amount of $1,500.00 covering plaintiff's beach house for a term of three years, to expire September 2, 1961. September 4, 1961, the U. S. Weather Bureau issued its first bulletin and at 10:00 a. m., September 9, 1961, ordered hurricane warnings hoisted of Hurricane Carla for the area in which this beach house was located. September 7, 1961, defendants wrote plaintiff a letter which plaintiff received September 9, 1961, informing him that they were unable to re-new coverage on his beach house. September 9, 1961, plaintiff attempted to secure coverage on the beach house with two other insurance agencies but was refused because of the hurricane warnings. Hurricane Carla hit the beach September 10th, 11th or 12th, 1961, and plaintiff's beach house was a total loss. Suit was brought against these defendants and the two insurance companies which had written the policies above mentioned. Summary judgments were granted for each insurance company from which no appeal was taken. Plaintiff testified that defendants had carried

his automobile insurance for about ten years and each year would renew the policy, sometimes calling to see if plaintiff wanted any changes and sometimes without any call, and further that these policies of insurance on his automobile had a red sticker on the front stating:

"This policy is mailed to you in keeping with our practice of never letting our customers' protection lapse. If it is not desired, please mail it back to us. No obligation."

The evidence showed that the damage was caused by the wind and that there was little water damage. There are no findings of fact or conclusions of law. Plaintiff testified he did not keep up with the expiration dates of insurance policies written by defendants because of the stickers above quoted, and the practice of defendants of never letting their customers' protection lapse.

■ There is no doubt that an insurance agent may contract with an insured to maintain certain insurance coverage, and that an action would lie in the event of breach of such contract. Austin Fire Ins. Co. v. Adams-Childers Co. (Tex.Com. of App.) 246 S.W. 365. In this Austin Fire Ins. Co. Case the evidence showed and the jury found that there was an agreement between the insurance agent and the insured that the policies of insurance then held would be renewed when they expired. No such agreement existed in the present case. In fact the plaintiff admitted upon cross-examination that there was no verbal agreement and no written agreement to renew the insurance. Under the circumstances of this case the plaintiff was not obligated to accept renewed policies of insurance just as the defendants were not obligated to renew the policies upon their expiration.

Although plaintiff plead generally fraud and estoppel, neither of these matters were briefed, leaving this court to determine only the question as to whether plaintiff plead and proved a cause of action based upon negligence. Actually, under the pleading and the evidence in this case the sole question to determine is whether or not the placing of the stickers upon the policies of insurance written by defendants upon plaintiff's automobile, created a duty at law to notify plaintiff before the expiration of such policies that new policies of insurance would not be written, in order to give plaintiff time to secure other insurance. We have been cited no cases on this point.

■ We are faced with the basic question as to whether under the circumstances of this case a duty arose on the part of the defendants to notify plaintiff that the policies of insurance would expire and would not be re-written. This, then, would be an act of omission on part of defendants, as distinguished from one of commission. For an omission to act there is no liability unless there is some definite relationship between the parties which is regarded as imposing a duty to act. The courts will find a duty where, in general, reasonable men would recognize it, and agree it exists.

■ The evidence shows that insurance upon beach homes is not desirable from the standpoint of the insurance carriers, and is usually written only where there is supporting business. The evidence shows the plaintiff no longer carried any other type of insurance with these defendants at the time these two policies of insurance on the beach home expired. Plaintiff admitted on cross-examination that under these circumstances that it was natural for the defendants to assume that plaintiff did not want these policies renewed.

We are not inclined to hold that the actions of the defendants in this case created a duty on the part of the defendants to notify plaintiff that new policies of insurance would not be written. There being no duty on the part of the defendants, there could be no negligence and the instructed verdict was proper.

Judgment affirmed.