John ANDERSON, Appellant,

v.

Sandra ANDERSON, Appellee.

No. 814.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 13, 1973.

H. Hollis Rankin, III, Rankin, Kern & Martinez, McAllen, for appellant.

Pena, McDonald, Gutierrez & Prestia, Edinburg, for appellee.

## OPINION

BISSETT, Justice.

This is an action for reduction of child support payments. John Anderson appeals from an order which reduced his child support payments from $400.00 per month to $300.00 per month. We reverse and remand.

Appellant and Sandra Anderson, appellee, were divorced on October 1, 1971, pursuant to a decree of the 93rd District Court of Hidalgo County, Texas. Appellee was awarded custody of their three minor children. Appellant was ordered to pay $400.00 per month for the support of his children. He got behind in his payments and appellee initiated a contempt proceeding to enforce the support order. Appellant then filed a motion to reduce the child support payments to $45.00 per month. The trial court, after a hearing on February 16, 1973, reduced the child support payments to $300.00 per month, effective March 1, 1973, and, in addition, ordered appellant to make up the arrearage of $505.69 by monthly payments of $100.00 each commencing May 1, 1973, with the last payment of $105.69 due on September 1, 1973. The portion of the judgment relating to the contempt motion and the manner in which the delinquent support payments were to be paid was not appealed.

Findings of fact and conclusions of law, though timely requested, were not filed until six days before the transcript was due to be filed in this Court, which was long after the time the same should have been filed in accordance with Rule 297, Texas Rules of Civil Procedure. The findings of fact are not conclusive on appeal since the record before us also contains a statement of facts. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156 (1950). The trial court found that there had been a change in appellant's condition since the date of the divorce decree to the extent that the child support payments should be reduced from $400.00 per month to $300.00 per month, and that appellant was able to contribute $300.00 per month for the support of his children.

Appellant challenges the finding that he is reasonably able to contribute the sum of $300.00 per month towards the support of his minor children by "no evidence", "factual insufficiency" and "against the weight and preponderance of the evidence" points. He also contends that the finding and order requiring him to contribute $300.00 per month towards the support of his minor children, under existing circumstances, amounted to an abuse of discretion.

The only witnesses who testified were appellant and appellee. On October 1, 1971, when the initial child support order was made, appellant was earning $900.00 per month, owned property, and had about $7,000.00 in savings. Appellant's testimony showed, at the time of the hearing, that he had depleted his savings by making child support payments and paying part of his own living expenses, that he had no assets that were revenue producing, and that the circumstances made it impossible for him to pay $300.00 per month for the support of his children.

Appellant remarried following the divorce. His present wife opened a business in October, 1972, but, at the time of the hearing on appellant's application, the business had not made a profit. Appellant's wife was five months' pregnant at the time of the hearing.

Appellant's income for the year 1972 was about $5,300.00. He shifted from the agricultural industry to the real estate business during the latter half of 1972, and obtained a real estate salesman's license. In January, 1973, he went to work for a real estate firm; he was not paid a salary but was to be paid on a commission basis. At the time of the hearing, held on February 16, 1973, appellant had not received a commission, and had not received any income for the year. He expected a $500.00 note payment on October 1, 1973. In order to keep up with his child support payments, he had sold some of his property, had mortgaged everything that could be mortgaged, and was trying to sell a remainder interest in land which he owned. His monthly living expenses ($569.00) were itemized as follows: house payments $170.-00; utilities $50.00; food $160.00; medical $30.00; car payments $88.00; life insurance $11.00; gasoline $60.00. His living expenses exceeded his earning capacity by some $1,500.00 for the year 1972.

Appellee earned $400.00 per month. She testified that she needed $800.00 per month for living expenses. Appellee paid $325.00 per month rent for a three bedroom town house apartment in Houston and $80.00 per month to her grandmother, who lived with her and who took care of the children while appellee was working. The grandmother received social security benefits, was covered by Medicare, and was furnished room and board by appellee. The total food costs amounted to $200.00 per month, but the proportionate part of that sum required for the children is not shown by the record. Each of the children required special medical attention; apparently, the total cost thereof is about $175.00 per month. There is no evidence in the record as to the amount of money required for the support of just the children. The $800.00 per month was for the living expenses of all of the five people who made up appellee's household.

The amount of money that a father is required to pay for the support of his minor children, both before and after divorce, is based, not only upon the needs of the children, but upon his financial ability to pay, having due regard to all his lawful obligations, including those assumed to another wife and to his other children. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100 (1921). He is duty bound to support his children in a manner suitable to his and their circumstances in life, commensurate, however, with his financial ability to pay for their support. Myrick v. Myrick, 478 S.W.2d 859 (Tex.Civ.App.—Houston 1st Dist. 1972, writ dism'd); McAfee v. McAfee, 258 S.W.2d 824 (Tex.Civ.App.—Dallas 1953, n.w.h.); 21 Tex.Jur.2d, Divorce and Separation, § 387, pp. 9–10. The trial court's child support order will not be disturbed on appeal unless there is a clear abuse of discretion. Brito v. Brito, 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, wr. ref'd n.r.e.); Hearn v. Hearn, 449 S.W.2d 141 (Tex.Civ.App.—Tyler 1969, n.w.h.). While the trial courts, of necessity, have wide discretion in regard to the amount of child support payments, and while each case must stand on its own facts, the determination of that amount must be supported by evidence that the father is able to pay and can pay the amount specified in the order. Ramey v. Ramey, 425 S.W.2d 900 (Tex.Civ.App.—Eastland 1968, writ dism'd); Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, n.w.h.).

While appellant voluntarily left his employment in the agricultural industry for work as a real estate salesman, there is no suggestion that he did so with any design to purposely bring about a reduction of child support payments. There is no showing that appellant was indolent or that he lived in a manner out of keeping with his income, or reasonable expectation of income. There is no indication that either the reduction of income or the exhaustion of assets was brought about by appellant's remarriage to the extent that the economic changes militated against his dependent children. No charge is made that appellant's present living expenses are unreason-

able. His house payment is $170.00 per month; appellee's rental payment for her apartment is $325.00 per month.

Appellee does not contradict or refute appellant's testimony. Although the only evidence as to the present financial ability of appellant to pay child support came from him, it was of a nature that could have been contradicted at least to some extent, either directly or indirectly if untrue. See Danburg v. Danburg, 433 S.W.2d 784 and 444 S.W.2d 845 (Tex.Civ.App.—Houston 14th Dist. 1968, n.w.h.). We cannot disregard the unchallenged statements of appellant with reference to his present financial condition. Ex Parte Gonzales, 414 S.W.2d 656 (Tex.Sup.1967).

The evidence in this case clearly shows that appellant, at the time of the hearing, simply did not earn enough to properly provide for the children of his first marriage, and, at the same time, supply him with a minimum living. His support payments must be made to correspond to his financial ability to pay when his income from all sources is considered. The division of that income between father and children must take into consideration the right of a father to self subsistence in accordance with his income; there is some minimum amount necessary for a bare subsistence, and less than such amount renders a child support order unenforceable. In cases such as this, where hardship is inevitable, both the father and the mother should reduce their individual personal living expenses to an absolute minimum. Ex Parte Kollenborn, 154 Tex. 223, 276 S.W. 2d 251 (1955). While the trial court may well determine that the father must make every sacrifice in order to provide support for his dependent children suitable to their circumstances in life, still the father must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living. Kominczak v. Kominczak, 474 S.W.2d 749 (Tex.Civ.App.—Houston 1st Dist. 1971, n.w.h.). The mother must face the exigencies of the existing

situation. She, too, has a duty to support the children commensurate with her financial ability, and the difficulties that are currently being experienced by the father do not relieve her of that duty.

The trial court found that there had been a change in appellant's financial condition since the initial child support order was made that justified a reduction of child support payments. Appellee does not complain of or challenge that finding. Because of the material change in appellant's financial condition, the trial court, therefore, had a duty to modify the order of support by reducing the amount to a sum of money that was commensurate with appellant's ability to pay, notwithstanding the fact that appellant was able to pay more than the reduced amount at the time of the divorce. Duke v. Duke, 448 S.W.2d 200 (Tex.Civ.App.—Amarillo 1969, n.w.h.). At the time of the hearing, it is evident that appellant was financially unable to pay $300.00 per month for child support if his financial condition, the needs of his children, the needs of himself and his wife, and all circumstances shown in the record, are taken into account. The actual expenses for the children were not itemized, and obviously the trial court was unable to determine whether the entire $300.00 was reasonably necessary for the children's support. The children owned U. S. Savings Bonds in an amount between $1,500.00 and $2,000.00. About 100 acres of land was owned by appellant as trustee for one of the children. The record was not fully developed with regard to the needs of the children.

The evidence is factually insufficient to support the finding that appellant is able to pay $300.00 per month for child support, and that finding is also against the weight and preponderance of the evidence. The trial court abused its discretion in ordering appellant to contribute $300.00 per month toward the support of his minor children. The order appealed from was made at a time before appellant's new work was returning any remuneration at all. Appel-

lant, at least, was entitled to a reasonable amount of time to see if this new work would provide the necessary income to support his children and himself in accordance with their and his station in life. Three months is not such a reasonable time. Later, if appellant's financial conditions improve, it will be within the trial court's discretion, upon proper motion that is supported by sufficient evidence, to order an increase in support payments so long as it does not exceed the upper limits of appellant's financial ability to pay. Willis v. Willis, 425 S.W.2d 696 (Tex.Civ.App.—Houston 1st Dist. 1968, n.w.h.); Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App.—Fort Worth 1964, n.w.h.). For the reasons stated, appellant's points 3, 4, 6, 7, 8 and 9 are sustained.

In view of our holding, it is not necessary that we rule upon appellant's other points of error.

The judgment of the trial court is reversed and the cause is remanded for another hearing.