Marilyn Sue LABOWITZ, Appellant,

v.

Fred S. LABOWITZ, Appellee.

No. 19002.

Court of Civil Appeals of Texas, Dallas.

Oct. 7, 1976.

**924**

Walter W. Brudno, Kilgore & Kilgore, Dallas, for appellant.

Herbert L. Hooks, Dallas, for appellee.

AKIN, Justice.

This is an appeal by Mrs. Labowitz from an order rendered by the domestic relations court on March 11, 1976, requiring her to pay $100 per month as support for her two children. The principal questions presented by this appeal are which of two prior orders was modified by the March 11 order and whether there was sufficient evidence of a material and substantial change of circumstances between the prior relevant order and the March 11, 1976, order so as to justify ordering the mother to pay child support. Because we hold that there was sufficient evidence of material and substantial change of circumstances, regardless of which prior order was modified by the March 11 order, we affirm. Therefore, the trial court did not abuse its discretion in ordering child support.

The Labowitzes were divorced on August 9, 1974. In the decree Mrs. Labowitz was named managing conservator of their two children and Mr. Labowitz was required to pay $500 per month for child support. In December 1974 the children went to live with their father to enable Mrs. Labowitz to pursue a career in real estate sales. On June 10, 1975, the court appointed Mr. Labowitz as managing conservator; this order was, however, silent as to child support except that it relieved Mr. Labowitz of any further obligation to pay child support under the original divorce decree of August 9, 1974. On August 14, 1975, Mr. Labowitz filed a motion to require his ex-wife to contribute to the support of the children. After a hearing on January 5, 1976, the court, on March 11, 1976, ordered Mrs. Labowitz to pay $100 per month child support. She appeals.

She contends that: (1) The trial court erred in finding that it had not passed on the child support question in the June 10 order because, as a matter of law, it had impliedly determined that question, and the court, therefore, erred in failing to apply the "material and substantial change of circumstances" test as required by Tex.Family Code Ann. § 14.08(c)(2) (Vernon Supp.1975); (2) there was insufficient evidence of material and substantial change of circumstances between the June 10, 1975, order and the March 11, 1976, order; (3) the order failed to consider "the circumstances of the parents" or the best interests of the children as required by § 14.07; (4) the trial court abused its discretion in ordering her to pay child support because she is unable to do so and also support herself; and (5) the trial court erred in failing to award her a reasonable attorney's fee because no reasonable basis existed for the modification order.

■■ We find no merit in these contentions. The trial court has broad discretion to determine child support and we cannot substitute our judgment for his, even though we may have done otherwise. *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App. —El Paso 1961, writ ref'd n. r. e.). Consequently, we will not disturb the trial court's order absent a clear showing of an abuse of discretion. *Beaird v. Beaird*, 380 S.W.2d 730, 732 (Tex.Civ.App.—Dallas 1964, no writ).

### 1. Material and Substantial Change of Circumstances

 Mrs. Labowitz argues that the trial court erred in failing to consider the order of June 10 as one which provided for child support and, therefore, did not apply the standard set out in Tex.Family Code Ann. § 14.08(c)(2) (Vernon Supp.1975), which provides that the court may modify a child support order "if the circumstances of the child or a person affected by the order . . . have *materially and substantially changed* since the entry of the order . . . ." [Emphasis added.] The trial court specifically found, however, that material and substantial changes of condition had occurred in the period between the divorce decree and the order of June 10, 1975, as well as during the period of time between the order of June 10 and the order appealed. Since the trial court applied the proper rules of law to the facts, regardless of which order was modified, it is unnecessary to determine whether the June 10 order was one which impliedly provided for child support as Mrs. Labowitz argues.

### 2. Sufficiency of the Evidence

 Mrs. Labowitz also contends that there is insufficient evidence to support the trial court's finding that a material and substantial change of circumstances have occurred between the original divorce decree of August 1974 and the March 1976 modification. We cannot agree. In so contending, she notes that her husband was, at that time, obligated to pay her $500 per month for child support and that she was not employed and had no income except $125 rent from the lakehouse. Thus, she argues, the order implied that $500 per month was sufficient to provide support for the children, and since Mr. Labowitz is now earning an amount roughly equivalent to his income at the time of the divorce (although his income was substantially greater in early 1975), he is obligated to provide the entire support for the children. This argument is not sound. First, the duty to support encompasses both financial aid and services rendered to the children. *Friedman v. Friedman*, 521 S.W.2d 111, 115 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ). Since the children are no longer living with her, she is no longer furnishing the degree of services to the children that she did at the time of the divorce, and this, in and of itself, constitutes a material and substantial change requiring the reallocation of financial obligations. Her contention also erroneously assumes that, since she had no income at the time of the divorce, she had no obligation to provide financial aid. The divorce decree did not state the amount necessary for the maintenance of the children; it merely ordered the father to contribute a certain amount. This "does not necessarily mean that the stated amounts of money to be paid by the husband represent all of the money that is needed for the children's maintenance." *Id.* The evidence shows that Mrs. Labowitz received at least $6,000 in cash plus the two houses in the divorce settlement. If necessary, she had a duty to expend assets to discharge her obligation of support. Finally, Mrs. Labowitz has increased her income from $125 to $654 per month since the divorce, thereby increasing her ability to support the children.

 If the June 10 order is the relevant order, the change of condition must be based on the decrease in Mr. Labowitz's income between July 1975 and January 1976. There is evidence that he earned only $10,000 in the last five months of 1975 as contrasted to $30,000 for the first seven months of 1975 and that his income will remain at a lower level than that enjoyed in early 1975. On the other hand, Mrs. Labowitz earned $3,690 during the first half of 1975 and $4,152 during the last half. She argues that the decrease in her ex-husband's income between July 1975 and January 1976 was not material because her former husband is still capable of supporting the children in the same general manner and that it is not substantial because it reflects a temporary fluctuation and his income is now at the same general level as

in preceding years. We cannot agree because we find these changes to be both material and substantial. Obviously, his drop in income in the latter part of 1975 is material in that it affects his relative ability to provide support for the children. *See Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ). Indeed, the evidence shows that because of this reduction Mr. Labowitz had to dispense with the services of a housekeeper to assist him in the care of the children. Furthermore, by contrasting the earnings of both parties in early and late 1975, it is apparent that Mrs. Labowitz now has a greater comparative ability to provide child support than she did on June 10. Likewise, the decrease in Mr. Labowitz's income from $30,000 to $10,000 is undoubtedly substantial. Even if Mr. Labowitz's income was at the same general level as it was at the time of the divorce, it was not at the same level as it was when the June 10 order was entered. This is the relevant period. Anticipation of income continuing at a higher level could influence a parent not to demand child support or a court not to consider it warranted. Consequently, if income decreases it may be a material and substantial change of circumstances.

### 3. *Consideration of the Relative Circumstances of the Parent*

■ Similarly, Mrs. Labowitz complains that the trial court failed to take into consideration the circumstances of the parents in modifying the order. However, as noted above, it is evident from this record that the court did take these factors into consideration. Mrs. Labowitz was ordered to pay only $100 per month in child support whereas, when she was managing conservator of the children, Mr. Labowitz was required to contribute $500 per month for their support. Consequently, the disparity in the support payments is compelling evidence that the trial court did indeed take into consideration the relative circumstances of the parties. Certainly, the $100 per month payment is not so out of line with

the current relative ability of the parties so as to constitute an abuse of discretion.

### 4. *Ability to Pay*

■ Mrs. Labowitz argues that the trial court abused its discretion in ordering her to pay child support because of her inability to make child support payments and still support herself. In support of her contention she cites *Anderson v. Anderson*, 503 S.W.2d 124, 127 (Tex.Civ.App.—Corpus Christi 1973, no writ) in which the court states: "The division of . . . income between father and children must take into consideration the right of a father to self subsistence in accordance with his income; there is some minimum amount necessary for a bare subsistence, and less than such amount renders a child support order unenforceable." While we agree with this statement, it has no application to Mrs. Labowitz under the facts here. The evidence is that Mrs. Labowitz earned an average of $654 per month during 1975 and had fixed mortgage and car payments of $493 per month, leaving an average surplus of $161 to meet her living expenses. She owns, however, two houses, a residence and a lakehouse, with approximately $38,000 in equity, and an expensive Mercedes-Benz automobile. Additionally, she has recently been able to borrow $4,000. Under these facts, we cannot say that the trial court abused its discretion in finding that Mrs. Labowitz was able to pay $100 per month considering both her income and her assets. The cases cited by Mrs. Labowitz do not require a different result. In *Anderson* there was evidence that the father's income had dropped substantially and that he had sold or mortgaged available property to meet the support payments. In *Bell v. Sykes*, 521 S.W.2d 752 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ), the total earnings of the father were virtually the same as the amount he was ordered to pay, and there was no mention of other assets or income. Likewise, in *Kominczak v. Kominczak*, 474 S.W.2d 749 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ), there was evidence

only of a substantial decrease in the father's income; no other resources with which he could discharge his obligation were mentioned. Consequently, we conclude that Mrs. Labowitz failed to show any abuse of discretion by the trial court.

### 5. Attorney's Fee

 Mrs. Labowitz's final contention is that the trial court erred in not granting her attorney's fees because her ex-husband had no reasonable basis for the motion to modify. Since we have concluded that Mr. Labowitz had a reasonable basis for the motion to modify, this point is also overruled. Furthermore, Tex.Family Code Ann. § 11.18(a) (Vernon 1975) gives the trial court discretion to grant attorney's fees; from the record here we cannot say that the court abused its discretion in refusing to do so. Cf. Forney v. Jorrie, 511 S.W.2d 379, 387 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.). The order of the trial court is affirmed.

Previously, we granted Mrs. Labowitz's motion to suspend the enforcement of the order of March 11 until her appeal was decided. On July 22, 1976, Mr. Labowitz filed a motion to rescind our order of suspension based upon an affidavit showing that Mrs. Labowitz sold one of her houses which netted her $26,982.42 in cash. Therefore, he contended that she is obviously capable of paying the child support of $100 per month. We carried this motion pending our decision on the merits of the appeal. Since we have affirmed the order requiring Mrs. Labowitz to pay the child support, we now grant Mr. Labowitz's motion and vacate our previous order of suspension.