**John P. COURVILLE, Appellant,**

v.

**Jenell COURVILLE, Appellee.**

**No. 8162.**

Court of Civil Appeals of Texas, Beaumont.

June 29, 1978.

George Michael Jamail, Beaumont, for appellant.

Waldman & Smallwood, Beaumont, for appellee.

DIES, Chief Justice.

John P. Courville appeals from an order increasing his child support payments from $50.00 per week to $400.00 per month. John Courville and Jenell Courville were divorced on December 20, 1967, and Jenell Courville was given custody of their three minor children.

Jenell Courville filed her motion for an increase in child support payments on September 15, 1977, and the cause was tried before the court on January 31, 1978. John Courville did not appear at the hearing, and no excuse was given for his absence, though his counsel admitted to receiving notice of the setting.

Jenell Courville was the only witness to testify at the hearing. She stated that two of the three children were still minors, and that the cost of providing them with education, medical care, transportation, and other living expenses had increased to the point that she was unable to meet their needs with the money presently available to her. She also testified in detail concerning her own income and living expenses.

Appellant argues in his brief that he should not be burdened with expenditures for the children other than for necessities, and that an automobile and attendance in a private Catholic school are luxuries. We disagree. A parent's duty to support is not limited to bare necessities. *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The court in *Cooper* stated that:

> "The court may consider the standards of living which the parties have maintained in the past as an indication of the standard which they will strive for in the future. The court would be justified in requiring the parents to provide a standard of living for their children commensurate with that which they have and will continue to enjoy for themselves." 513 S.W.2d 234.

Jenell Courville's testimony established that two of the three children were working and that the car was necessary so that all the children could get to school and to jobs. She further testified without objection that John Courville had attended private school and that the children had always attended private school. This evidence was sufficient to establish that the minor children's circumstances had changed, that the children's expenses were reasonable, and that there was a need for increased child support.

Although she testified at length about the children's circumstances and her own financial situation, Jenell Courville did not provide any evidence of appellant's ability to pay increased child support. She stated that John Courville was a pipefitter and that he had remarried and had a child by the later marriage. She did not know what his income was at the time of the divorce, or what it was at the time of this hearing. She could not testify whether his present income was higher than his previous income.

Our courts have held that a father's duty to pay child support must correspond to his financial ability, taking into consideration all of his obligations, including another wife and other children. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97 (1921); *Cooper v. Cooper,* supra; *Lewallen v. Hardin,* 563 S.W.2d 356 (Tex.Civ.App.—Dallas 1978, no writ). Even though the trial court made findings of fact that John Courville was able to pay increased child support, we are not bound by these findings since the record before us contains a statement of facts. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156 (1950); *Anderson v. Anderson,* 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Ondrusek v. Ondrusek,* 561 S.W.2d 236 (Tex.Civ.App.—Tyler 1978, no writ). Our examination of the record convinces us that there is no evidence of John Courville's financial ability.

The trial court's order of child support should not be disturbed on appeal unless there is a clear abuse of discretion. *Brito v. Brito,* 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.); *Anderson v. Anderson,* supra; *Ondrusek v. Ondrusek,* supra. Where there is no competent evidence of one parent's financial ability, it is an abuse of discretion for the trial court to order an increase in child support. *Lewallen v. Hardin,* supra.

Since it appears to us that the facts need to be further developed, we reverse and remand this case to the trial court in the interests of justice. *United States Fire Insurance Co. v. Carter,* 473 S.W.2d 2 (Tex. 1971); *Lewallen v. Hardin,* supra.

REVERSED and REMANDED.