Gwendolyn B. Austin WATKINS,
Appellant,

v.

Gilbert E. AUSTIN, Appellee.

No. 20128.

Court of Civil Appeals of Texas,
Dallas.

Nov. 29, 1979.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellant.

Diane L. Snyder, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

This is an appeal by Gwendolyn B. Austin Watkins from an order of the trial court modifying a final judgment of divorce, and reducing child support pursuant to section 14.08 of the Texas Family Code. Appellant contends that the lower court abused its discretion in that no evidence or insufficient evidence existed to support its action. Additionally, she argues that the trial court should have increased child support and that she should have been awarded attorney's fees and costs. The primary question before us, therefore, is whether the trial court, upon hearing of appellee's motion, abused its discretion in reducing the child support payments. We hold that sufficient evidence exists in this record to justify the trial court's action, and accordingly, we affirm.

In the final judgment of divorce, entered on November 22, 1977, appellant was appointed managing conservator of the parties' two children, and Gilbert E. Austin, appellee, was appointed possessory conservator and ordered to pay child support in the amount of $700.00 per month. At the time of the divorce, appellee was a commissioned salesman with a sales territory which included west Texas, Oklahoma, New Mexico, and the Texas panhandle. Effective July 31, 1978, the appellee's territory was reduced by deleting therefrom Oklahoma and the Texas panhandle. Appellee filed a motion to reduce child support on January 4, 1979, alleging a reduction of income earning ability due to this reduction in territory which he claimed was a material and substantial change of circumstances. Appellant filed her answer by way of general denial and a counterclaim for an increase in child support. During the hearing on appellee's motion, it was discovered that his employer very recently had made another change which would restore appellee's original territory. Under this change, however, appellee would lose one of the two lines of goods that he sold and would be required to hire a salesman to assist him.

█ Section 14.08 of the Texas Family Code provides that an order for the support of a child may be modified after a hearing "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree . . . ." On appeal of such a modification, the appellant must demonstrate that the trial court has abused its discretion in finding the material and substantial change necessary to grant modification. Further, an appellate court will indulge in all reasonable inferences from the evidence sufficient to support the actions of the trial court. *Woodruff v. Woodruff*, 487 S.W.2d 791, 793 (Tex.Civ.App.— Texarkana 1972, no writ).

The record before us reflects that for the period starting November 1977, the date of the final judgment of divorce, until July 1978, the date on which appellee's territory was reduced, he had total income after deduction of business expenses of $33,298 or $3,699 per month. From August 1978 through February 1979, the last month for which complete income figures are available, appellee's total income after deduction of business expenses was $17,660 or $2,943 per month. This shows a $756 per month reduction in income after deduction of business expenses. It should also be noted that this reduction in income occurred despite the fact that some deferred commissions from the period prior to the territory reduction are included in this latter period. While no indication of appellee's detailed personal expenses at the time of divorce is given, the record does support the conclusion that no substantial change has occurred in those expenses.

Appellant argues that since appellee's territory is to be restored, he will be in the same position he was at the time of divorce, and, therefore, that the reduction shown above in his income is merely a temporary slump. Further, if such temporary slumps are sufficient to justify modification of child support payments, every possessory conservator working on a commission basis who has a bad sales month will be petitioning the court for a reduction of child support payments. We find this argument to be without merit. First, any conclusion as to the effect of the second territory change on appellee's income is purely speculative, and second, simply showing a short term slump in income is not sufficient to support modification of a child support order. Section 14.08 requires a *material and substantial* change of circumstances. A finding of such a change is supported here because the record reflects a steady decline in appellee's income over a seven-month period, without any offsetting circumstances in other areas of his overall financial situation.

Appellant also argues, citing *Hazelwood v. Jinkins*, 580 S.W.2d 33, 37 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ),

and *Labowitz v. Labowitz*, 542 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1976, no writ), that the trial court must not only consider appellee's income earning capacity, but also his overall financial position. Since appellee has sufficient savings to continue making the full $700 per month support payments, appellant contends that the child support payments should not have been reduced. *Hazelwood* and *Labowitz*, however, do not require that the possessory conservator be devoid of savings before payments may be modified. Rather, they require the courts to assess all financial assets of both parents in determining the proper support to be provided the parties' children and require parents to look to any financial asset available to provide that support for their children. Appellant's contention, therefore, is correct insofar as it indicates that the trial court cannot consider *only* income earning capacity in finding a material and substantial change in circumstances. There is no indication in this record, however, that the trial court did not consider appellee's overall financial position in finding a material and substantial change in his circumstances.

On the basis of these facts, we cannot say the trial court abused its discretion. Sufficient evidence exists in this record to support a finding that a material and substantial change occurred in appellee's circumstances. Consequently, we overrule appellant's no evidence and insufficient evidence points of error, and also appellant's point of error asking for an increase in child support.

Appellant contends further that the trial court abused its discretion in not awarding her attorney's fees and costs. *See* Tex.Fam.Code Ann. § 11.18(a) (Vernon 1975). This contention is based on the assumption that it was unreasonable for the father to bring his motion to modify the child support order because no change had occurred in his circumstances. In light of our holding that a change had occurred, we overrule appellant's fifth point of error. *Labowitz v. Labowitz*, 542 S.W.2d at 927.

We find no abuse of discretion by the trial court, and accordingly, we affirm the modification of the support order.