Bonner W. STAFF, Appellant,

v.

Catherine Elizabeth STAFF, Appellee.

No. 18557.

Court of Appeals of Texas,
Fort Worth.

Oct. 14, 1981.

Rehearing Denied Nov. 11, 1981.

Willie E. Phillips, Jr., Inc. and Minor Pounds, Irving, for appellant.

Rohne & Hoodenpyle and Wayne A. Rohne, Arlington, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

OPINION

JORDAN, Justice.

This is an appeal from an order signed January 28, 1981 modifying a support order entered in a pre 1974 decree of divorce. The January 28, 1981 order of the court adopted a master's findings and recommendations as the decree of the court.

We reverse the judgment of the trial court and remand the cause for further consideration.

Appellant raises two points of error: (1) the court erred in overruling appellant's objection to the jurisdiction of the trial court; (2) the court erred in modifying the prior order by increasing appellant's child support because there was no evidence or finding that appellant was financially able to pay increased child support.

Appellant filed a special appearance under Tex.R.Civ.P. 120a, attacking the jurisdiction of the trial court to entertain this suit to modify the original child support order dated August 23, 1971. His contention is that at the time of the suit to modify the child support order and at the time of the hearing thereon, he was a resident of Georgia and not within the jurisdiction of the Texas trial court. Appellee asserts jurisdiction of the trial court under Tex. Family Code Ann. § 11.051, (Supp. 1980–81).

The trial court, after reviewing the pleadings and particularly the appellant's objection to the jurisdiction of the court, found that it did have jurisdiction of the subject matter and the appellant.

The matter of the suit to modify the child support order originally entered by the same trial court on August 23, 1971, was referred to a duly appointed master [by authority of Tex.Rev.Civ.Stat.Ann. art. 1918b (Pamp.Supp. 1965–80)]. The master heard evidence on the request to increase child support and filed his findings and recommendations with the trial judge.

In its final order of January 28, 1981 the trial court approved and adopted the findings and recommendations of the master, which specifically found facts to establish

jurisdiction of the trial court over the non-resident appellant in this case, under Tex. Family Code Ann. § 11.051 (Supp. 1980–81).

Appellant contends that there is no evidence of any jurisdictional facts to support the trial court's overruling of his special appearance and of the court's finding of jurisdiction of the non-resident appellant. It is noted at the outset of this discussion that there is no statement of facts in this record, and accordingly we must presume that there was sufficient evidence to support the findings of fact as to jurisdiction. *Mays v. Pierce*, 154 Tex. 489, 281 S.W.2d 79 (1955); *Thompson v. Republic Acceptance Corp.*, 388 S.W.2d 404 (Tex.1965); *Webb v. Webb*, 393 S.W.2d 408 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ).

■ By his second point of error appellant asserts that the trial court erred in modifying the prior support order by increasing appellant's child support obligation. The contention is that there was no evidence received by the master concerning the appellant's earnings or his ability to pay increased child support. We agree and accordingly sustain this second point of error.

Since there is no statement of facts, we would ordinarily presume that there was evidence to support the order increasing the appellant's child support obligation and of his ability to pay the increased child support. (See cases cited under first point of error). However, in this case the master found, and the trial court adopted this finding as part of its judgment, that: "No evidence was received concerning Respondent's (appellant's) earnings, lawful obligations, financial condition, or net worth, however, Respondent has a duty to support his children and testimony was presented and the Master finds Respondent has a college education and employment experience in the aero-space industry."

In view of this specific finding we are unable to presume the existence of evidence to support the order increasing child support.

The finding that appellant has "a college education and employment experience in the aero-space industry" is not in any way evidence that he was at the time in question gainfully employed or had any ability to pay increased child support. As far as we know from this judgment, appellant, college education and all, could be destitute, unemployed and on welfare. There is simply a complete lack of any evidence that appellant was employed at all or that he had any financial ability to pay the increased child support ordered by the trial court.

Our courts have long held that a father's duty to pay child support must correspond to his financial ability, taking into consideration all of his obligations, including another wife and other children, if any. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97 (1921); *Lewallen v. Hardin*, 563 S.W.2d 356 (Tex. Civ.App.—Dallas 1978, no writ); *Courville v. Courville*, 568 S.W.2d 719 (Tex.Civ.App.—Beaumont 1978, no writ).

The fact situation in *Courville v. Courville, supra*, is very similar to the facts in this case. In *Courville*, the divorced wife filed a motion to increase appellant's child support payments. At the hearing, although appellant testified at length about the children's circumstances and her own financial situation, she did not provide any evidence of appellant's ability to pay increased child support. The only evidence offered with respect to appellant father, was that he was a pipe fitter, had remarried and had a child by his later marriage. The former wife, appellee, did not know what appellant's income was at the time of the divorce or at the time of the hearing to increase the child support. She could not testify whether his present income was higher than his previous income.

For the reasons stated the cause is remanded to the trial court for further development of the facts with respect to appellant's ability to pay increased child support. *Lewallen v. Hardin, supra, Courville v. Courville, supra*.