**Clinton Louis BRODAY, Jr., Appellant,**

v.

**Cheryl Anita BURLESON, Appellee.**

**No. 18642.**

Court of Appeals of Texas,
Fort Worth.

March 25, 1982.

Rehearing Denied April 29, 1982.

Second Rehearing Denied May 27, 1982.

Crampton, Crampton & Estrada, P. C., and Holly Crampton, Wichita Falls, for appellant.

Smith, Douglass & Cook, and S. Price Smith, Jr., Wichita Falls, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order increasing monthly child support.

We affirm.

Appellant and appellee were divorced March 21, 1973, at which time appellee was named managing conservator of their two minor children.

In 1980, by modification order, appellant was appointed managing conservator.

A second modification order, in 1981, re-appointed appellee as managing conservator and ordered appellant to pay $215.00 per month child support pending further hearing.

On June 30, 1981, after additional hearing, the monthly child support was ordered increased to $375.00, and appellant was ordered to obtain dental insurance for the children and to pay $1,478.97 dental expenses he previously incurred for them.

Appellant complains that the effect of the order is to require that he pay more than his monthly net income.

Appellant was involved in the divorce of a subsequent marriage at the time of the June 30 order, and the financial obligations of that marriage affect the amount of money he has available for child support in the case at bar.

In his single point of error, appellant asserts that the June 30 order was an abuse of discretion by the trial court.

This court must indulge all reasonable inferences from the evidence in support of the trial court's action. *Watkins v. Austin*, 590 S.W.2d 830 (Tex.Civ.App.—Dallas 1979, no writ).

Absent a clear showing of abuse of discretion, the trial court's order increasing child support may not be disturbed on appeal. *Watkins, supra; Moon v. Moon*, 573 S.W.2d 277 (Tex.Civ.App.—Waco 1978, no writ).

The evidence is that appellant's net earnings are $9,495.36 annually, which is $795.10 per month.

At the time of the June 30 order, appellant had also received an income tax refund of $1,070.53 for the year 1980.

It is uncontroverted that the monthly expenses of the two children total $791.28.

Appellee's net monthly income is $608.66, and she testified that she had to borrow money to meet living expenses; although the appellant had been paying child support of $215.00 per month.

Appellant's liabilities include all of the debts of his subsequent marriage, assumed

voluntarily by him; and debts of $2,000.00 to his father and $45,000.00 to his sister.

There is no evidence that payments are scheduled or being made on the debts to appellant's father and sister or the debts from the subsequent marriage.

Appellant's fixed monthly expenses consisted of a $237.50 per month car payment (scheduled to end in November, 1981), $100.00 per month gasoline costs, and $100.00 per month temporary child support from his subsequent marriage and divorce.

When the child support of $375.00 per month is added to appellee's own income of $608.66, she will have only $192.38 for payment of other living expenses.

Conversely, when $375.00 child support is subtracted from appellant's $795.10 net earnings, appellant is left with $420.10 for other living expenses.

■ If the court orders a parent to pay more child support than he can reasonably afford, then a clear abuse of discretion exists. *Krempp v. Krempp*, 590 S.W.2d 229 (Tex.Civ.App.—Fort Worth 1979, no writ).

■ In establishing the amount of child support a parent must pay, the court is required to consider all financial obligations of that parent, including those to another wife and children. *In Interest of J. M. and G. M.*, 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ); *Anderson v. Anderson*, 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ).

However, economic hardship resulting from the parent obligor's remarriage may not be allowed to mitigate against his dependent children of the earlier marriage. *Dennis v. Dennis*, 512 S.W.2d 699 (Tex.Civ. App.—Tyler 1974, no writ); *Beaird v. Beaird*, 380 S.W.2d 730 (Tex.Civ.App.—Dallas 1964, no writ); *Brito v. Brito*, 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd. n. r. e.).

■ Upon the record and applicable law, we do not find a clear abuse of discretion.

Appellant's point of error is overruled.

Judgment is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant has filed a motion for rehearing asserting (1) the trial judge was not lawfully qualified as judge of the court below, and his acts have deprived appellant of his constitutional rights to equal protection and due process; (2) the unconstitutionality of Section 5a of Tex.R.Civ.Stat. Ann. art. 200a, as it applies to appointment of retired district judges to preside in district court proceedings; and (3) the trial judge's orders in this cause are void, because he had not first taken the oath of office.

These points are raised for the first time upon this motion, and there is no evidence in the record to support such allegations.

With motion for rehearing, appellant filed an uncertified copy of the statement of facts from a proceeding styled *The State of Texas vs. Thomas T. Monson*, Causes No. 19,758, 19,765–A, 19,828 and 19,835 in the 30th Judicial District Court of Wichita County, Texas, in which the trial judge of the case at bar was a witness.

■ We are forbidden to refer to the statement of facts of another case for the purpose of ascertaining a fact not shown in the record of the case before us. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942); *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ. App.1979, writ ref'd. n. r. e.).

The motion for rehearing is overruled.