Opinion issued March 13, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01038-CV




MARK C. WATLER, Appellant

V.

DIANE K. WATLER, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 1999-33225




MEMORANDUM OPINION

          Mark C. Watler, appellant, filed a petition to modify parent-child relationship,
seeking to reduce his child support obligations. The trial court denied appellant’s
motion and ordered him to pay $16,202.50 in reasonable attorneys’ fees to Diane K.
Watler, appellee. In three issues, appellant argues that (1) the trial court abused its
discretion in refusing to order a modification of child support obligations; (2) the trial
court abused its discretion in awarding excessive attorneys’ fees to appellee; and (3)
the trial court judge should have been recused. 
          We modify the trial court’s decree and, as modified, we affirm.
Facts
          Appellant and appellee divorced on February 7, 2000. The terms of the divorce
and child support obligations were agreed to by both parties, and were included in the
agreed final decree of divorce. The decree provided that appellant would pay $1,200
dollars per month in child support, would provide health insurance coverage costs for
the child, and would pay sixty percent of any uninsured medical expenses for the
child. Appellant’s financial obligations were to last until the child turned 18, or,
upon graduation from high school, if the child was enrolled in a secondary education
school when he became 18. 
          On August 29, 2000, approximately six months after the decree of divorce,
appellant filed a petition to modify parent-child relationship, alleging that the
circumstances of the child or appellant had materially and substantially changed since
the time that the divorce decree was rendered, the support payments previously
ordered were not in substantial conformity with the statutory guidelines, and that a
decrease in the amount of child support payments would be in the best interest of the
child. 
Modification of Child Support Obligations
          In his first issue, appellant argues that the trial court abused its discretion in
refusing to order a modification of the amount to be paid in child support.
          A trial court’s ruling on child support will not be reversed on appeal unless
there is a clear abuse of discretion. McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). The test is whether the trial court acted
arbitrarily, unreasonably, or without reference to guiding rules or principles. Id. The
reviewing court must review the evidence in the light most favorable to the trial
court’s actions and indulge every legal presumption in favor of the order. Id. Legal
and factual insufficiency of the evidence will not be considered independent grounds
of error, but will be considered in determining whether the trial court abused its
discretion. Wood v. O’Donnell, 894 S.W.2d 555, 556 (Tex. App.—Fort Worth 1995,
no writ). 
          Appellant argues that he proved to the trial court that his income had been
substantially reduced since the time of his divorce. During the bench trial, appellant,
an attorney, testified that he had been expecting to make more money from a tortious
interference case that he had been working on, and also expected to make money from
two cases whose representation he had undertaken, but that neither expectation
materialized. Appellant presented evidence that his monthly gross income from
February 2000 through June 2001 was $5850.32 per month, and that his net monthly
resources for that period, calculated in conformity with section 154.123 of the Family
Code, was $3,893.67. Appellant testified that, after applying the statutory guidelines
to the amount of net monthly resources for that period, the guidelines yielded a figure
of $748.93 per month as the presumptive amount of child support before other
downward adjustments provided by the family code were figured into the calculation. 
Appellant also testified, as evidence of a substantial change in the circumstances of
the child, that a trust that had been set up for the child had been substantially reduced
from $39,000 at the time of the divorce, to $16,500 in the fiscal quarter before trial. 
Trial Court’s Consideration of Trial Evidence
          Appellant first contends that the trial court did not consider the trial evidence,
but instead decided the matter on the pleadings alone. Appellant refers us to the order
denying relief, which states the following:
The Court finds that neither the petition filed on August 29, 2000, nor
any attachments provide the Court with adequate facts to support (1) an
allegation that the circumstances have materially and substantially
changed since the rendition of the Divorce Decree and the support
payments should be decreased until the child is eighteen years of age;
(2) an allegation that the support payments are not in substantial
conformity with the guidelines in Chapter 154 of the Texas Family
Code, and the requested decrease would be in the best interest of the
child.

          While that portion of the order does appear to address only appellant’s petition
and any attachments, the written findings of fact and conclusions of law filed by the
trial court indicate that it did not ignore the evidence presented at trial. Findings of
fact 10, 11, and 12 all state the “evidence” was insufficient to support appellant’s
allegations. Because appellant did not attach any evidence to his petition to modify,
the “evidence” referred to in the findings of fact and conclusions of law could only
have been that evidence presented at trial. In the absence of any other indications that
the trial court ignored the trial evidence, we will presume the regularity of the
proceeding below. See generally In re B.D., 16 S.W.3d 77, 80 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied) (using the presumption of regularity to support a
recitation in the judgment). Accordingly, we will presume that the trial court did not
ignore the evidence presented at trial.
Material and Substantial Change in Circumstances
          We now consider, in light of the evidence presented at trial, whether the trial
court abused its discretion in not modifying the amount of child support. The burden
was on appellant at the trial court to show that circumstances “materially and
substantially changed since the date of the order’s rendition.” Tex. Fam. Code Ann.
§ 156.401(a)(1) (Vernon 2002). When reviewing whether the circumstances of a
parent or child have materially and substantially changed, the reviewing court should
look at the circumstances between the date of the original decree and the date of the
motion to modify. See Starck v. Nelson, 878 S.W.2d 302, 307 (Tex. App.—Corpus
Christi 1994, no writ). Short term slumps in parental income are not sufficient to
support modification of a child support order. Watkins v. Austin, 590 S.W.2d 830,
832 (Tex. Civ. App.—Dallas 1979, no writ). A court may take a parent’s earning
potential into consideration when determining an issue of child support. In re G.J.S.,
940 S.W.2d 289, 293 (Tex. App.—San Antonio 1997, no pet.). A trial court has
broad discretion in setting the amount of child support, and a child support obligation
that is not in compliance with the guidelines does not, by itself, constitute a material
and substantial change in circumstances. Cole v. Cole, 882 S.W.2d 90, 92 (Tex.
App.—Houston [14th Dist.] 1994, writ denied).
          After reviewing the record, we cannot say that the trial court abused its
discretion when it rejected appellant’s allegations that his own financial
circumstances had materially and substantially changed. Appellant filed the petition
to modify less than seven months after the original agreed divorce decree. The trial
court could have reasonably found that appellant’s financial condition was only a
temporary slump. See Watkins, 590 S.W.2d at 832. Further, the evidence showed
that appellant was a trial lawyer who had been in practice for 22 years, and had
become board certified since the time of divorce. The trial court could have
reasonably found that appellant’s financial conditions had not materially and
substantially changed because of appellant’s high earning potential. See In re G.J.S.,
940 S.W.2d at 293. Likewise, appellant’s allegations that his child support payments
are approximately 60% above the statutory guidelines after appellant’s alleged
reduced income is taken into account do not necessarily indicate that a material and
substantial change in appellant’s financial condition has occurred. See Cole, 882
S.W.2d at 92. Accordingly, we hold that the trial court did not abuse its discretion
in determining that appellant had not proved a material and substantial change in his
financial circumstances that warranted a reduction in child support payments. 
          Appellant also contends that the circumstances of the child have materially and
substantially changed. During the trial, appellant testified that the trust fund set up
for the child had been substantially reduced. Appellant testified during the trial that,
as part of the modification, he wanted each parent to regularly pay a sum of money
into the trust so that it would not be depleted. We cannot say that the trial court acted
without reference to the law when it declined to modify either the amount of
appellant’s child support obligations, or the method of payment, based upon the
change in value of the child’s trust. The testimony at trial indicated that the money
in the trust was being used for education purposes, and the trial court could have
determined the reduction in the trust’s value was forseeable at the time of the agreed
divorce decree, and, thus, was not a material and substantial change in circumstance. 
Accordingly, we hold that the trial court did not err in declining to modify either the
amount of child support to be paid, or how the support was to be paid.
          We overrule issue one.
Attorney’s Fees
          In his second issue, appellant argues that the trial court abused its discretion
in awarding excessive attorney’s fees in the amount of $16,202.50 to appellee, and
in setting the post-judgment interest rate at 12% per annum. 
          The Family Code allows the trial court to award attorney’s fees in suits
affecting the parent-child relationship. Tex. Fam. Code Ann. § 106.002 (Vernon
2002). A trial court’s award of attorney’s fees is reviewed for an abuse of discretion. 
Tropoli v. Markantonis, 740 S.W.2d 563, 565 (Tex. App.—Houston [1st Dist.] 1987,
no writ). To support of a request for reasonable attorney’s fees, testimony should be
given regarding the hours spent on the case, the nature of preparation, complexity of
the case, experience of the attorney, and the prevailing hourly rates. Goudeau v.
Marquez, 830 S.W.2d 681, 683 (Tex. App.—Houston [1st Dist.] 1992, no writ). 
Sworn testimony from an attorney representing a party in a suit, concerning an award
of attorney’s fees, is considered expert testimony. Nguyen Ngoc Giao v. Smith &
Lamm, P.C., 714 S.W.2d 144, 148 (Tex. App.—Houston [1st Dist.] 1986, no writ).
          Appellant argues that appellee did not adequately prove the amount of services
rendered or the value of those services. Appellant specifically contends that the
invoices and the contract between appellee and her attorneys were heavily redacted,
so as to provide minimal information about the services rendered, and the rate of
$450.00 per hour that was charged by one of appellee’s attorneys was unreasonably
high.
          Appellee’s attorney, J. Lindsey Short, testified that he was an attorney who was
licensed to practice law in the state of Texas, and that he was familiar with the people
who had worked on appellee’s case and the entries they had made when they
documented how many hours they had worked and what services they had performed. 
Short further testified as to the rates charged by the different attorneys on the case,
and testified that the fees were reasonable, necessary, usual, and customary. The
court was provided with invoices from appellee’s firm, and the rates charged by the
attorneys at the firm. Short further testified as to extra costs that were incurred
because of appellant’s attempt to have the trial court judge recused. We also note that
while the rate chart indicated that Short’s rate was $450.00 per hour, the invoices
showed that two other attorneys who substantially participated in the case were billed
at rates less than $200.00 per hour.
          After reviewing the evidence at trial, we hold that the trial court did not abuse
its discretion in awarding $16,202.50 in attorney’s fees. The trial court could have
believed Short’s testimony as to the reasonableness of the attorney’s fees, and we will
not disturb the trial court’s ruling. 
          With regard to the trial court’s order that set the post-judgment interest rate at
12% per annum, appellee concedes that the proper post-judgment interest rate should
be 10% per annum. See Tex. Fin. Code Ann. § 304.003(c)(2) (Vernon Supp. 2003). 
Accordingly, the decree will be modified to set the post-judgment interest rate at 10%
per annum.
          We overrule that portion of issue two regarding the recovery of attorney’s fees,
and we sustain that portion of issue two regarding the post-judgment interest rate.
Motion to Recuse
          In his third issue, appellant argues that the trial judge should have been recused
because of her prejudice against appellant. 
          The Texas Rules of Civil Procedure provide in relevant part that:
A judge shall recuse himself in any proceeding in which: (a) his
impartiality might be questioned; (b) he has a personal bias or prejudice
concerning the subject matter or a party, or personal knowledge of
disputed evidentiary facts concerning the proceeding; . . .

Tex. R. Civ. P. 18b(2). When a motion to recuse is filed, the judge shall either recuse
himself or request the presiding judge of the administrative judicial district to assign
a judge to hear such motion. Tex. R. Civ. P. 18a(c). A judges’s ruling on a motion
to recuse will be reviewed for an abuse of discretion. Hector v. Thaler, 927 S.W.2d
95, 99 (Tex. App.—Houston [1st Dist.] 1996, writ denied). A party complaining of
impartiality or bias must show that the bias was “extrajudicial,” and not based on in-court rulings. Ludlow v. DeBerry, 959 S.W.2d 265, 270 (Tex. App.—Houston [14th
Dist.] 1997, no pet.). Remarks from a trial court judge during a trial that are critical,
disapproving, or even hostile to the parties, lawyers, or cases, do not support recusal
unless they reveal “an opinion deriving from an extrajudicial source,” and they
“reveal such a high degree of favoritism or antagonism as to make fair judgment
impossible.” Ludlow, 959 S.W.2d at 271 (citing Liteky v. U.S., 510 U.S. 540, 554-56,
114 S.Ct. 1147, 1155-57).
          Appellant first contends that, in an effort to keep the case in her own court, the
trial court judge denied the motion to recuse, and did not initially refer the matter to
the presiding judge of the administrative district, thereby voiding every action taken
after the unauthorized denial of the motion to recuse. 
          Our review of the record does not indicate that the trial court judge attempted
to rule on appellant’s motion to recuse. The order in question was titled “order
denying recusal,” but the order stated only that the trial court judge “declines to
recuse herself from the case.” The trial court judge took no action in the case from
the time she signed the order declining to recuse herself to the time the administrative
judge denied appellant’s motion to recuse. Further, the rules do not purport to
prohibit an order that declines to recuse. Rule 18a(d) begins by stating that, “If the
judge declines to recuse himself,” he must forward the motion to recuse to the
presiding judge. In this case, the trial court judge did just that: she declined to recuse
herself, and she forwarded the motion to recuse to the administrative judge. We hold
that the trial court judge’s actions were not prohibited by the rules, and that she was
able to properly proceed on the case after appellant’s motion to recuse was denied by
the administrative judge.
          Appellant next contends that, Judge Underwood, the administrative judge who
was assigned the motion to recuse, abused his discretion in failing to grant the
motion. In his motion, appellant complained that, “the degree of hostility exhibited
by the Judge to [appellant] in prior proceedings in this matter establishes a degree of
personal bias or prejudice concerning [appellant] sufficient to require the Judge’s
recusal . . . .” During the evidentiary hearing before Judge Underwood, appellant
testified that the trial court judge had chastised him for attempting to obtain an ex
parte temporary order against his wife, and that the trial court judge was irrational,
hostile, arrogant, and surly. Appellant also testified that, during a hearing on an
agreement regarding visitation arrangements, the trial court judge kept interrupting
appellant’s attorney during the questioning of appellant, and made comments to the
effect that she believed appellant had previously been in contempt of court. 
Appellant further testified that when he made a motion to seal documents, the trial
court judge had again stated that she thought his conduct earlier in the case had been
unacceptable, and made some comments that indicated that she would deny the
motion to seal. In addition to providing testimony, appellant also provided Judge
Underwood with a copy of his complaint to the Commission on Judicial Conduct.
          After reviewing the record, including appellant’s complaint to the Commission
on Judicial Conduct, we hold that Judge Underwood did not abuse his discretion in
determining that appellant had not shown a bias originating from extrajudicial course,
or a degree of antagonism or favoritism that would have made fair judgment
impossible. Judge Underwood was free to not believe the testimony of appellant. 
Hector, 927 S.W.2d at 99. Accordingly, we hold that Judge Underwood did not err
in denying appellant’s motion to recuse. 
          We overrule issue two. 
Conclusion
          We modify the trial court’s decree to reflect a post-judgment interest rate of 
10% per annum and, as modified, we afifrm. 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.