Donald Lee LEWALLEN, Appellant,

v.

Dixie P. HARDIN, Appellee.

No. 19407.

Court of Civil Appeals of Texas,
Dallas.

Feb. 21, 1978.

Rehearing Denied March 22, 1978.

Robert O'Donnell, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, John William Walkup, Asst. Dist. Attys., Dallas, for appellee.

ROBERTSON, Justice.

Dixie P. Hardin sued her former husband, Donald Lee Lewallen, for child support under the Uniform Reciprocal & Enforcement of Support Act (URESA) Tex.Family Code Ann., § 21.01 *et seq.* (Vernon 1975). The parties had been divorced in North Carolina, but the divorce decree made no provision for support. The present proceeding was initiated in North Carolina, and pursuant to URESA, the papers were forwarded to Dallas County, the county of Lewallen's residence. These papers included an affidavit by Hardin stating that Lewallen had not contributed to the support of their child and that $200 was a reasonable amount of monthly support. The Texas court entered a support order from which Lewallen now appeals. Since we conclude that there is no evidence to support the rendition of the order, we reverse and remand.

The principal question presented by this appeal is whether the statements made in the affidavits accompanying the certificate forwarded from the initiating court are competent evidence to justify rendition of a support order in the receiving state. These materials were the only evidence introduced by plaintiff at the hearing in the Texas trial court. Since section 21.36 of the Family Code provides that URESA actions are governed by the same rules of evidence that normally govern suits in district courts, we must decide this question under those rules.

■ The general rule is that affidavits have been held to be inadmissible hearsay upon the final trial of a case, and without probative force. *Weart v. Mahone*, 176 S.W.2d 197 (Tex.Civ.App.—Galveston 1943, no writ); *Ward v. National Benev. Society*, 155 S.W.2d 994 (Tex.Civ.App.—Galveston 1941, no writ); *Owens v. Jackson*, 35 S.W.2d 186 (Tex.Civ.App.—Austin 1931, writ dism'd). This is because the party against whom the affidavits are introduced has no opportunity to cross-examine the affiant. McCormick and Ray, Texas Law of Evidence § 787 (2d ed. 1956). In the present case, Lewallen had no opportunity to cross-examine his former wife regarding the statements in her affidavits. Under the

authorities, the affidavits were hearsay, and hence no evidence to establish the duty of support or the amount required. Accordingly, we hold that affidavits forwarded from the initiating state in a URESA action cannot be considered a sufficient evidentiary basis for a support order. *See Holmes v. Tibbs*, 542 S.W.2d 487 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Schlang v. Schlang*, 415 S.W.2d 28 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.).

■ Although Hardin urges that we should construe the evidentiary requirements of URESA to conform to those used in summary judgment and sworn account situations, in which cases affidavits are allowed to establish necessary facts; each of those situations, however, are governed by rules which expressly allow the use of affidavits. URESA contains no such provision; indeed, it effectively prohibits the use of affidavits by providing that in proceedings under the Act, "the court shall be bound by the same rules of evidence that bind the district court," Tex.Family Code Ann. § 21.-36 (Vernon 1975). This provision obligates the trial court to apply the usual rules of evidence, and does not authorize consideration of incompetent evidence by analogy to specialized situations such as summary judgments and sworn accounts.

■ Finally, Hardin urges that a minimal support order may be entered even in the absence of evidence regarding the circumstances surrounding the mother and child. She bases this contention upon the father's duty of support, and argues that, in view of this duty, the circumstances of mother and child are irrelevant to the entry of a minimal order. We cannot agree. We recognize that a father has an obligation to support his children; however, the amount of that obligation must be established by competent evidence of the circumstances of both parents, as well as that of the child. Section 4.02 of the Family Code provides that "[e]ach spouse has the duty to support his or her minor children". [Emphasis added] Under this section, each parent has an obligation to support the child commensurate with his or her ability to do so, *Fried-*

*man v. Friedman*, 521 S.W.2d 111 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ), and the trial court must consider the respective abilities of the parents to contribute. *See Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ) (reaching the same result under the Texas Equal Rights Amendment). Under these authorities, no support order may be rendered without due consideration of the ability of each parent to support the child. Since no competent evidence of the mother's support ability was introduced, the trial court's order cannot stand. In the interest of justice, however, we are remanding this case to the trial court so that the facts may be further developed. Tex.R.Civ.P. 434; *McCart v. Cain*, 416 S.W.2d 463 (Tex.Civ. App.—Fort Worth 1967, writ ref'd n.r.e.). Presumably, the needed evidence can be obtained by submitting written questions pursuant to Rule 189 of the Texas Rules of Civil Procedure to the mother in the initiating state.

Reversed and remanded.