**Order issued November 1, 2012**



In The

## Court of Appeals
### For The
## First District of Texas

---

### NO. 01-11-00552-CV

---

### MAXINE ADAMS AND CECIL ADAMS, Appellants

### V.

### REBECCA ROSS, Appellee

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-12207**

---

## MEMORANDUM ORDER

Appellants, Maxine Adams and Cecil Adams, filed a notice of appeal from the trial court's judgment of August 24, 2011. Appellant Maxine Adams filed an affidavit of inability to pay the costs of appeal on December 15, 2011. The

appellee, Rebecca Ross, and the court reporter filed separate contests to the affidavit, and the trial court sustained the contests. Appellant Maxine Adams appeals the trial court's order sustaining the contests.

We affirm the trial court's order sustaining the contests.

**Standard of Review and Governing Legal Principles**

Texas Civil Practice and Remedies Code section 13.003 sets out certain requirements that must be met for an appellant to obtain a free record on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide without cost a record for appeal only if:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
> (2) the trial judge finds:
>   (A) the appeal is not frivolous; and
>   (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.*

The first of these requirements, to file an affidavit of inability to pay the costs of the appeal, is governed by Rule 20.1 of the Texas Rules of Appellate

2

Procedure. Rule 20.1 allows a party to proceed on appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is not contestable, the claim is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e). If a contest is filed, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing "within 10 days after the contest [is] filed." TEX. R. APP. P. 20.1(i)(2).

If contested, the appellant bears the burden to prove his indigence by a preponderance of the evidence. *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Once the appellant establishes a prima facie showing of indigence, the party contesting the affidavit has the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole

3

show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When, as in this case, the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 576, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

4

**Analysis**

Appellant Maxine Adams filed her affidavit of indigence in the trial court on December 15, 2011.[1]  *See* TEX. R. APP. P. 20.1(a)(2)(A), (c)(1).  In her affidavit, Maxine Adams addresses the factors required by Texas Rule of Appellate Procedure 20.1(b).  TEX. R. APP. P. 20.1(b); *see also Higgins*, 257 S.W.3d at 687–88 (finding affidavit sufficient even though information on all factors was not included).  Maxine Adams swears, *inter alia*, that she and her spouse, Cecil Adams, earn $4600 per month, that they have expenses of $4233.37 per month, and that the expenses include $97.46 per month for "SBC global phone/Internet" and "TMobile [sic] (cell [sic] phone."

On December 19, 2011, appellee, Rebecca Ross, filed a timely contest to Maxine Adams' affidavit of indigence and a motion for a hearing on the contest, including a request that "the Court extend the time for the hearing."  *See* TEX. R.

[1]  Appellant Maxine Adams's notice of appeal was filed after, not "with or before," her notice of appeal.  *See* TEX. R. APP. P. 20.1(c)(1) (requiring that affidavit of indigence be filed with or before notice of appeal).  Nevertheless, we do not "require strict conformance with . . . formal aspects of Rule 20.1, including the requirement that an affidavit of indigence be filed 'with or before the notice of appeal.'" *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688–89 (Tex. 2008); *see* TEX. R. APP. P. 20.1(c)(3) (requiring notice and opportunity to cure when appellant fails to file affidavit); TEX. R. APP. P. 37.3(b) (requiring notice and opportunity to cure prior to dismissing case based on appellant's failure to pay clerk's fee for preparing clerk's record); TEX. R. APP. P. 44.3 (requiring notice and opportunity to cure prior to dismissing case based on formal defect in appellate procedure); *Sprowl v. Payne*, 236 S.W.3d 786, 787 (Tex. 2007).

APP. P. 20.1(e). The court reporter also filed a timely contest to Maxine Adams' affidavit of indigence on December 27, 2011. *See* TEX. R. APP. P. 4.1(a), 20.1(e).

A hearing on the contests was timely held on December 28, 2011—nine days after appellee's contest was filed. *See* TEX. R. APP. P. 20.1(i)(2)(A) (requiring hearing to be held or order extending time for hearing to be signed within 10 days of filing of contest). Maxine Adams was not, however, present at the hearing. As a result, the trial court signed a timely order extending the time to conduct the hearing to January 6, 2012, to provide Maxine Adams the opportunity to be present at the hearing and to present evidence. *See* TEX. R. APP. P. 20.1(i)(2)(A), (i)(3) (authorizing extension of time for hearing up to 20 days from date order extending time is signed).

A second timely hearing was held on the contests to the affidavit of indigence on January 6, 2012. *See* TEX. R. APP. P. 20.1(i)(2)(A), (i)(3). Once again, Maxine Adams did not appear for the hearing. At the conclusion of the hearing, the trial court timely signed orders sustaining both appellee's and the court reporter's contests to Maxine Adams' affidavit of indigence. *See* TEX. R. APP. P. 20.1(i)(4).

On January 12, 2012, Maxine Adams filed a "Notice of Untimely Paupers [sic] Contest Hearing Held On 1/6/2012 and Motion for Relief," challenging the

trial court's orders on the grounds that the trial court did not timely sign an order extending the time for the hearing on the contests and therefore did not have jurisdiction to sustain the contests. Maxine Adams further filed a document on January 18, 2012 challenging the trial court's orders on the grounds that the trial court's orders were untimely, because, according to Maxine Adams, the trial court was required to hold the hearing or to sign an order extending the time for the hearing within 10 days of the date the affidavit was filed.

Because a timely contest was filed and a timely hearing was held, Maxine Adams was required to prove the affidavit's allegations. *See* TEX. R. APP. P. 20.1(g). But the court reporter's record shows that Maxine Adams failed to appear at the hearing and therefore failed to present any evidence to establish her indigence[2] or to establish the cost of the appellate record. Because she failed to appear at the hearing and present evidence, Maxine Adams cannot show that she sustained her burden of proving the allegations in her affidavit and we cannot

---

[2] If Maxine Adams had been incarcerated, the affidavit would be considered as evidence and would be sufficient to meet her "burden to present evidence without [her] attending the hearing." TEX. R. APP. P. 20.1(g)(1). Because she was not incarcerated, however, she was required to "prove the affidavit's allegations." *Id.*; *cf.* TEX. R. EVID. 802 ("Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority."); *Lewallen v. Hardin*, 563 S.W.2d 356, 357 (Tex. Civ. App.—Dallas 1978) ("The general rule is that affidavits have been held to be inadmissible hearsay upon the final trial of a case, and without probative force.").

conclude that the trial court abused its discretion in sustaining the contests to the affidavit. *See id.*

Furthermore, even if we consider Maxine Adams' affidavit as evidence in the hearing, the allegations in her affidavit establish that she has household income of $4600 and expenses of only $4233.37, of which she spends $97.46 on discretionary services. *See In re Guardianship of Bryan Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, at *5 (Tex. App.—Fort Worth May 10, 2012, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant's affidavit stated she paid for cell phone service and cable and Internet service); *In re A.L.V.Z.*, 352 S.W.3d 568, 571 (Tex. App.—Dallas 2011, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant testified that she paid for cable television and Internet access). Based on Maxine Adams' monthly disposable income of $464.09, and the complete lack of evidence regarding the cost of the appellate record, the trial court could reasonably conclude that Maxine Adams is able to pay the $175 filing fee, the clerk's fee, and the reporter's fee. *See C.H.C.*, 331 S.W.3d at 429 (considering whether record, in whole, shows by preponderance that "applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do

so"); *Basaldua v. Hadden*, 298 S.W.3d 238, 241–42 (Tex. App.—San Antonio 2009, no pet.) (affirming trial court's order sustaining contest when appellant's affidavit stated he made $500 per month, appellant testified he was not working as much as he should, and appellant's expenses were $390 per month).

On the record before this Court, we cannot conclude that the trial court abused its discretion by sustaining the contests to Maxine Adams' affidavit of indigence. *See* TEX. R. APP. P. 20.1(g); *C.H.C.*, 331 S.W.3d at 429; *A.L.V.Z.*, 352 S.W.3d at 571; *Basaldua*, 298 S.W.3d at 241–42.

Accordingly, we affirm the trial court's orders sustaining the appellee's and court reporter's contests to the affidavit of indigence.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.