FILED IN
1st COURT OF APPEALS
HOUSTON, TX
January 20, 2015
CHRISTOPHER A. PRINE,
CLERK

ACCEPTED
011400968CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/17/2015 11:20:41 PM
CHRISTOPHER PRINI
CLERK

## CASE NO. 01-14-00968-CV

| | | |
|---|---|---|
| CECILIA CLINKSCALE, Appellant, | § § § | IN THE FIRST ~~DISTRICT~~ APPEALS |
| VS. | § § § | COURT OF ~~APPEALS~~ |
| LEIROI MICKELE' DANIELS, Appellee. | § § | HOUSTON, TEXAS |

FILED IN
HOUSTON, TEXAS
1/17/2015 11:20:41 PM
CHRISTOPHER A. PRINE
Clerk

## MOTION FOR EXTENSION OF TIME TO FILE MOTION TO REHEAR APPELLANT'S NOTICE OF APPEAL ON THE DENIAL OF PAUPER'S OATH

TO THE HONORABLE JUDGE OF THIS COURT:

Comes Now, Cecilia Clinkscale, Appellant, in the above styled action and files this *Motion For Extension Of Time To File Motion To Rehear Appellant's Notice Of Appeal On The Denial Of Pauper's Oath* in compliance with Tex. R. App. P. 49.8, 10.5, 10.5(b). In this respect, Appellant seeks to show this Court the following:

### I.

Friday, January 2, 2015, the Justices of The Court of Appeals For The First District of Texas issued an *Order* on *Appellant's Notice of Appeal On The Denial Of Pauper's Oath*. See Exhibit 1.

### II.

In the said *Order*, the Justices raised a number of questions about and identified omissions in Appellant's financial circumstance, and as such, it is proper for Appellant to clarity such matters in a motion for rehearing. Tex. R. App. P. 49.1.

### III.

Appellant's motion for rehearing is due within fifteen days (15) days of the said *Order*; thus it is due on Tuesday, January 20, 2015.[1] Tex. R. App. P. 10.5(b)(A).

### IV.

Appellant expects to reference financial documents and banking correspondences in her motion for rehearing. The items sought after will be available to Appellant on Tuesday, January 20, 2015. Tex. R. App. P. 10.5(b)(C).

---

[1] Fifteen (15) days after Friday, January 2, 2015 is Saturday, January 17, 2015. The next business day following the legal holiday, Monday, January 19, 2015 is Tuesday, January 20, 2015.

## V.

To secure the said documents and correspondences, finalize her motion for rehearing, and to file the respective pleading, Appellant requests an extension of time for three (3) days to Friday, January 23, 2015. Tex. R. App. P. 10.5(b)(B), 49.8.

## VI.

Appellant has not previously sought an extension of time to file her *Motion For Extension Of Time To File Motion To Rehear Appellant's Notice Of Appeal On The Denial Of Pauper's Oath.* Tex. R. App. P. 10.5(b)(D), 49.1, 49.8. The extension of time requested is to ensure that Appellant's motion for rehearing is substantive and adequately prepared.

## CONCLUSION AND PRAYER

Wherefore, Appellant, Cecilia Clinkscale, submits her *Motion For Extension Of Time To File Motion To Rehear Appellant's Notice Of Appeal On The Denial Of Pauper's* Oath in the interest of justice, and she respectfully requests this Court to enter an *Order* granting her said *Motion.* Thereto, Appellant requests the said relief and any additional relief to which Appellant is justly entitled.

Respectfully submitted,

CECILIA CLINKSCALE
Appellant,
In Propria Persona

Dated: 1/17/2015

Post Office Box 42718,
Philadelphia, Pennsylvania 19101

Telephone:   (215) 828-4516
Facsimile:   (877) 669-1745
Email:       cclinkscale@gmail.com

2

## CERTIFICATE OF CONFERENCE

I certify that I have consulted Tex. R. App. P. 10.1(a)(5), and this rule waives the conference requirement on motions for rehearing. Tex. R. App. P. 10.1(a)(5).

M. Cecilia Clinkscale 1/7/2015

CECILIA CLINKSCALE

# CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(a)-(e), I, Cecilia Clinkscale, Appellant, do hereby certify that on this 17th day of January 2015, a true and correct copy of the attached and foregoing *Motion For Extension Of Time To File Motion To Rehear Appellant's Notice Of Appeal On The Denial Of Pauper's Oath* was served upon the recipients listed below in the following manner(s):

Mr. Christopher A. Prine,
Esquire,
Clerk of the Court,
Court of Appeals,
First District of Texas,
301 Fannin Street,
Room 208,
Houston, Texas 77002-2066

Service: e-file.txcourts.gov and United States Postal Service, first-class mail.

Mr. Leiroi Mickele' Daniels,
Esquire,
L. Mickele' Daniels & Associates,
Arena Tower I,
Suite 580,
7322 Southwest Freeway,
Houston, Texas 77074

Service: e-file.txcourts.gov and United States Postal Service first-class mail.

CECILIA CLINKSCALE
Appellant,
In Propria Persona

Dated: 1/17/2015

4

| | | |
|---|---|---|
| CECILIA CLINKSCALE,<br>Appellant, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| LEIROI MICKELE' DANIELS,<br>Appellee. | §<br>§<br>§ | 113th JUDICIAL DISTRICT |

## ORDER

On this _____ day of _____ 2015, came on for consideration *Motion For Extension Of Time To File Motion To Rehear Appellant's Notice Of Appeal On The Denial Of Pauper's Oath.* The Court having reviewed said *Motion* finds that it should be, and hereby is, _____.

It is so **ORDERED**.

Signed this _____ day of _____, 20 _____.

_____
JUDGE

EXHIBIT 1

Order issued January 2, 2015



In The

# Court of Appeals
### For The
# First District of Texas

---

## NO. 01-14-00968-CV

---

### CECILIA CLINKSDALE, Appellant

### V.

### LEIROI MICKELE DANIELS, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2012-58724**

---

## MEMORANDUM ORDER

Appellant, Cecilia Clinksdale, filed a notice of appeal from the trial court's

judgment of December 15, 2014. Clinksdale filed an affidavit of inability to pay

the costs of appeal on December 2, 2014. The district clerk filed a timely contest to the affidavit. Appellant Clinksdale appeals the trial court's order sustaining the contest.

We affirm the trial court's order sustaining the contest.

### Standard of Review and Governing Legal Principles

Texas Civil Practice and Remedies Code section 13.003 sets out certain requirements that must be met for an appellant to obtain a free record on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide without cost a record for appeal only if:

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:
   (A) the appeal is not frivolous; and
   (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.*

The first of these requirements, to file an affidavit of inability to pay the costs of the appeal, is governed by Rule 20.1 of the Texas Rules of Appellate Procedure. Rule 20.1 allows a party to proceed on appeal without advance

payment of costs if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is not contestable, the claim is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e). If a contest is filed, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing "within 10 days after the contest [is] filed." TEX. R. APP. P. 20.1(i)(2).

If contested, the appellant bears the burden to prove indigence by a preponderance of the evidence. *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Once the appellant establishes a prima facie showing of indigence, the party contesting the affidavit has the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay

the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When, as in this case, the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 576, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

## Analysis

Clinksdale filed her affidavit of indigence in the trial court on December 2, 2014. *See* TEX. R. APP. P. 20.1(a)(2)(A), (c)(1). In her affidavit, Clinksdale addresses some of the factors required by Texas Rule of Appellate Procedure

20.1(b).  TEX. R. APP. P. 20.1(b); *see also Higgins*, 257 S.W.3d at 687–88 (finding affidavit sufficient even though information on all factors was not included). Clinksdale avers that she is employed as an "adjunct instructor," but does not include her income from that employment as required by Texas Rule of Appellate Procedure 20.1(b)(1).  The first two pages of a SNAP benefits document was attached to her affidavit showing monthly income of $1,336.05 in September and October of 2014, but there is no evidence of whether this reflects her current income.  Clinksdale further avers her expenses include $65.00 per month for a cellular phone, $10.00 a month for a virtual fax, $40.00 per month for laundry, $25.00 to $50.00 per month in job search expenses.  Clinksdale also avers she owns a 2009 Toyota Corolla and has at least $525.00 in banking accounts with Wells Fargo.

A timely contest to Clinksdale's affidavit of indigence was filed on December 5, 2014.  *See* TEX. R. APP. P. 4.1(a), 20.1(e).  The contest was set for submission on December 15, 2014—ten days after the contest was filed.  *See* TEX. R. APP. P. 20.1(i)(2)(A) (requiring hearing to be held or order extending time for hearing to be signed within 10 days of filing of contest).  Clinksdale did not respond to the notice of submission or request a hearing.  The trial court timely

signed an order sustaining the district clerk's contest to Clinksdale's affidavit of indigence. *See* TEX. R. APP. P. 20.1(i)(4).

On December 23, 2014 Clinksdale filed "Appellant's Notice of Appeal on the Denial of Pauper's Oath" challenging the trial court's order. Because a timely contest was filed, Clinksdale was required to prove the affidavit's allegations. *See* TEX. R. APP. P. 20.1(g). The record shows Clinksdale failed to request a hearing and therefore failed to present any evidence to establish her indigence[1] or to establish the cost of the appellate record. Because she did not present evidence, Clinksdale cannot show that she sustained her burden of proving the allegations in her affidavit and we cannot conclude that the trial court abused its discretion in sustaining the contest to the affidavit. *See id.*

Based on the lack of information on monthly income, Clinksdale's discretionary spending, her assets, and the complete lack of evidence regarding the cost of the appellate record, the trial court could reasonably conclude that

---

[1] If Clinksdale had been incarcerated, the affidavit would be considered as evidence and would be sufficient to meet her "burden to present evidence without [her] attending the hearing." TEX. R. APP. P. 20.1(g)(1). Because she was not incarcerated, however, she was required to "prove the affidavit's allegations." *Id.*; *cf.* TEX. R. EVID. 802 ("Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority."); *Adams v. Ross*, 2012 WL 5381218, at *2 (Tex. App.—Houston [1st Dist.] November 1, 2012) (memorandum order); *Lewallen v. Hardin*, 563 S.W.2d 356, 357 (Tex. Civ. App.—Dallas 1978) ("The general rule is that affidavits have been held to be inadmissible hearsay upon the final trial of a case, and without probative force.").

Clinksdale is able to pay the filing fee, the clerk's fee, and the reporter's fee. *See C.H.C.*, 331 S.W.3d at 429 (considering whether record, in whole, shows by preponderance that "applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so"); *Basaldua v. Hadden*, 298 S.W.3d 238, 241–42 (Tex. App.—San Antonio 2009, no pet.) (affirming trial court's order sustaining contest when appellant's affidavit stated he made $500 per month, appellant testified he was not working as much as he should, and appellant's expenses were $390 per month).

On the record before this Court, we cannot conclude that the trial court abused its discretion by sustaining the contest to Clinksdale's affidavit of indigence. *See* TEX. R. APP. P. 20.1(g); *C.H.C.*, 331 S.W.3d at 429; *A.L.V.Z.*, 352 S.W.3d at 571; *Basaldua*, 298 S.W.3d at 241–42.

Accordingly, we affirm the trial court's order sustaining the contest to the affidavit of indigence.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.