# Supreme Court of Texas

═══════

No. 23-0953

═══════

Tatia Ortiz,
*Petitioner*,

v.

Ramu Nelapatla,
*Respondent*

═══════════════

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

═══════════════

**Argued October 7, 2025**

JUSTICE LEHRMANN delivered the opinion of the Court, in which Chief Justice Blacklock, Justice Devine, Justice Busby, Justice Bland, Justice Huddle, and Justice Young joined.

JUSTICE SULLIVAN filed a dissenting opinion.

Justice Hawkins did not participate in the decision.

Section 18.001 of the Texas Civil Practice and Remedies Code provides a pretrial process by which a party may avoid the need to adduce expert testimony at trial by serving affidavits attesting to the reasonableness and necessity of medical costs the party is attempting to

recover. If the party chooses that route, the opposing party can file a counteraffidavit challenging the reasonableness and necessity of those medical costs. In this case, we are faced with the question of what to do when a counteraffidavit only partially challenges the costs identified in the initial affidavit. We hold that the unchallenged portions of the medical costs identified in the initial affidavit remain competent evidence and may be submitted to the factfinder. We therefore reverse the court of appeals' judgment and remand the case to the trial court.

## I. Background

Tatia Ortiz sued Ramu Nelapatla for injuries she allegedly sustained in a car accident in a Target parking lot in McKinney as both parties were backing out of parking spaces. Ortiz served affidavits from three medical-care providers to prove the reasonableness and necessity of her medical treatment:

1) $2,210 in services from Addison Interventional Pain;

2) $11,250 in services from LifeSciences Imaging Partners, LLC; and

3) $6,415 in services from Synergy Sports Rehabilitation.

*See* TEX. CIV. PRAC. & REM. CODE § 18.001(b) ("Unless a controverting affidavit is served . . . , an affidavit that the amount a person charged for a service was reasonable . . . and that the service was necessary is sufficient evidence to support a finding . . . that the amount charged was reasonable or that the service was necessary.").

Nelapatla served two counteraffidavits controverting portions of Ortiz's claimed medical costs. *See id.* § 18.001(e), (f) (requiring a party "intending to controvert a claim reflected by the affidavit" to serve

2

counteraffidavits giving "reasonable notice of the basis" for controverting the claim). Specifically, Nelapatla submitted:

1) the affidavit of Rhonda R. Guitreau, "a medical billing expert and practice management consultant," who challenged the services provided by LifeSciences Imaging as exceeding the usual and customary cost of those services by a total of $1,475.46; and

2) the affidavit of Edward Le Cara, D.C., who challenged charges totaling $3,465 of Synergy Sports Rehabilitation's services.

Both Guitreau and Le Cara attested that the remaining costs reflected in the initial affidavits from LifeSciences and Synergy were reasonable and necessary. After receiving the counteraffidavits, Ortiz supplemented her disclosures by designating Guitreau and Le Cara as expert witnesses, attaching and incorporating the two counteraffidavits.

During the pretrial hearing, Nelapatla objected to the admission of Ortiz's medical-cost affidavits from LifeSciences and Synergy as evidence. He argued that because he countered the reasonableness and necessity of her costs from those providers, Ortiz was required to support the costs with expert testimony. Ortiz disagreed, claiming that the uncontroverted portions of the affidavits were still admissible and that she was not required to present other evidence to prove the reasonableness and necessity of those uncontroverted charges. The trial court sustained Nelapatla's objection, determining that once a counteraffidavit is served as to a medical-cost affidavit, all costs discussed in that affidavit must be supported by expert testimony at trial. Ortiz then attempted to submit the counteraffidavits on the ground that she had designated Guitreau and Le Cara as expert

3

witnesses. The trial court refused, stating that the counteraffidavits were hearsay.

At trial, Ortiz submitted her bill for $2,210 in services from Addison Interventional Pain along with the uncontroverted affidavit without objection. She then again attempted to submit her bills and affidavits from LifeSciences and Synergy. Nelapatla objected, and the trial court sustained the objection as to both bills and affidavits. Ortiz offered no other evidence of her medical costs from LifeSciences or Synergy.

The jury found for Ortiz and awarded her $2,210 in past medical expenses. The trial court rendered judgment on the jury's verdict. Ortiz moved for a new trial on damages, arguing that the trial court erred by excluding Ortiz's evidence of the cost of her medical treatment from LifeSciences and Synergy in its entirety because Nelapatla's controverting affidavits challenged only portions of each affidavit. Ortiz's motion was overruled by operation of law, and she appealed.

The court of appeals affirmed. 711 S.W.3d 1, 9 (Tex. App.—Dallas 2023). It noted Chapter 18's statement that a medical-expense affidavit is sufficient evidence of the reasonableness and necessity of the expenses noted therein "'[u]nless' a compliant counteraffidavit is served." *Id.* at 5 (quoting TEX. CIV. PRAC. & REM. CODE § 18.001(b)). And a counteraffidavit is compliant when it is "made by a person who is qualified . . . to testify in contravention of all or part of any of the matters contained in the initial affidavit." *Id.* (alteration in original) (emphasis omitted) (quoting TEX. CIV. PRAC. & REM. CODE § 18.001(f)). Because Nelapatla's counteraffidavits were made by qualified persons,

4

the court held, they were compliant and therefore rendered Ortiz's affidavits insufficient on their own to establish the reasonableness and necessity of her LifeSciences and Synergy expenses. *Id.* (citing *In re Chefs' Produce of Hou., Inc.*, 667 S.W.3d 297, 301 (Tex. 2023) ("In the face of a compliant counteraffidavit, the [plaintiff] may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony.")).

The court of appeals also held that the trial court properly refused to admit Nelapatla's counteraffidavits into evidence. *Id.* at 8. Noting that affidavits are generally "inadmissible hearsay . . . without probative force," *id.* (quoting *Lewallen v. Hardin*, 563 S.W.2d 356, 357 (Tex. App.—Dallas 1978, no writ)), and that Nelapatla served the counteraffidavits to "give reasonable notice of the basis on which [Nelapatla] intend[ed] at trial to controvert the claim reflected by the initial affidavit," *id.* (quoting Tex. Civ. Prac. & Rem. Code § 18.001(f)), the court held that Ortiz was required to introduce expert testimony to prove the reasonableness and necessity of her medical expenses and

5

costs at trial and could not simply rely on the counteraffidavits to do so, *id.*[1] Ortiz then petitioned this Court for review.[2]

## II. Analysis

Ortiz argues that the trial court abused its discretion by refusing to admit the Section 18.001 affidavits and counteraffidavits. Generally, rulings on the admissibility of evidence are reviewed for abuse of discretion. *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex. 2001)). Excluding evidence "without a valid legal basis" is an abuse of discretion. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 882 (Tex. 2021).

That a party seeking to recover its past medical expenses must prove that the amounts paid or incurred are reasonable "has long been well-settled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 249 (Tex. 2021) (citing *Dall. Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 380, 383 (Tex. 1956)); *see* TEX. CIV. PRAC. & REM. CODE § 41.0105 ("In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred

---

[1] The court of appeals further held that Ortiz failed to preserve her issue on the trial court's exclusion of Nelapatla's supplemental disclosure responses designating Guitreau and Le Cara as experts, which incorporated the counteraffidavits by reference. 711 S.W.3d at 9. Ortiz offered the supplemental responses during her offer of proof, after the close of evidence. Because Ortiz failed to obtain a ruling before the parties rested, the court of appeals held that she had not preserved her complaint. *Id.* Ortiz did not challenge that holding in this Court.

[2] This Court received two amicus briefs in support of Ortiz—one from the Texas Trial Lawyers Association and one from two attorneys who practice personal injury law—and one amicus brief in support of Nelapatla from the Texas Association of Defense Counsel.

by or on behalf of the claimant."). Before Section 18.001's enactment, reasonableness of medical expenses could be proven only by expert testimony "even if the amount [wa]s undisputed." *Allstate*, 622 S.W.3d at 876; *see* House Comm. on Judiciary, Bill Analysis, Tex. H.B. 540, 66th Leg., R.S. (1979) (noting that under Texas law, prior to Section 18.001's predecessor, "an injured party in a civil action must offer testimony that any expenses incurred have been reasonable and necessary, even if the opposing party offers no testimony to the contrary"). The Legislature created Section 18.001 to "streamline" that process by allowing a party "to avoid adducing expert testimony on those issues at trial" through pretrial service of affidavits containing evidence sufficient to support the claimed costs. *Allstate*, 622 S.W.3d at 881 (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011)).

To avail himself of the Section 18.001 procedure, a party must serve an affidavit made by a medical-service provider or recordkeeper testifying that "the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary." TEX. CIV. PRAC. & REM. CODE § 18.001(b), (c)(2). The affidavit must include an itemized statement of the service and charge. *Id.* § 18.001(c)(3). When an affidavit is served in accordance with Section 18.001(d), it may be offered into evidence at trial, *id.* § 18.001(d-1), (d-2), (e-1). And "[u]nless" the other party serves a controverting affidavit, the initial affidavit and accompanying itemized statement are "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." *Id.* § 18.001(b); *see Chefs' Produce*, 667 S.W.3d at 301 ("An

7

uncontroverted affidavit under Section 18.001(b) is sufficient evidence—but not conclusive—that medical expenses are reasonable and necessary.").

However, when a counteraffidavit challenges a medical expense in accordance with Section 18.001(e), the affidavit is no longer sufficient evidence to support a finding of reasonableness and necessity as to the controverted amount. TEX. CIV. PRAC. & REM. CODE § 18.001(b) ("Unless a controverting affidavit is served as provided by this section, an affidavit . . . is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary."). Rather, expert testimony is required to support such a finding. *See Chefs' Produce*, 667 S.W.3d at 301 ("In the face of a compliant counteraffidavit, the claimant may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony.").

Moreover, a controverted affidavit is no longer admissible evidence to support a finding of reasonableness and necessity as to the controverted amount because controverting the amount effectively wipes the pretrial-admission slate clean as to that amount. Under Section 18.001, affidavits that would otherwise be inadmissible hearsay are now admissible. *See* TEX. R. EVID. 802 ("Hearsay is not admissible unless [a statute] provides otherwise . . . ."); *Allstate*, 622 S.W.3d at 882 (stating that Section 18.001 "allows claimants to introduce evidence of reasonableness and necessity through affidavits that would otherwise

8

be hearsay").[3]  However, when an affidavit is controverted in accordance with Section 18.001(f), the statute is no longer available to expedite proof of the challenged matters or to provide an exception to the rule against hearsay.

A counteraffidavit may controvert an entire itemized statement of services and charges—or, as demonstrated by this case, affidavits may sometimes be partially controverted.[4]  For example, when a counteraffiant challenges a claim in an initial affidavit, he may challenge "all or part of any of the matters" as to which the claim is made: the necessity of a service or part of a service, the reasonableness of a cost or part of a cost, or both the necessity and reasonableness of an itemized service charge.  TEX. CIV. PRAC. & REM. CODE § 18.001(f).  And

---

[3] One of the great hazards of hearsay is that it does not afford the opposing party the opportunity to challenge the statements.  *See Williamson v. United States*, 512 U.S. 594, 598 (1994) ("The hearsay rule . . . is premised on the theory that out-of-court statements are subject to particular hazards. . . .  And the ways in which these dangers are minimized for in-court statements—. . . most importantly, the right of the opponent to cross-examine—are generally absent for things said out of court.").  Section 18.001 provides that opportunity to the party challenging the original affidavit by allowing him to file a counteraffidavit, as well as to the claimant by requiring the counteraffidavit to "give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit."  TEX. CIV. PRAC. & REM. CODE § 18.001(f).

[4] Indeed, medical bills can and often do contain many services and charges.  *See id.* § 18.001(c)(3) (requiring the affidavit to include an itemized statement).  Section 18.001 contemplates that an opposing party can controvert the costs and services in the statement item by item.  The statute permits a controverting party to challenge "*a claim* reflected by the [initial] affidavit" and requires a counteraffiant to be qualified "to testify in contravention of all *or part* of *any* of the matters contained in the initial affidavit."  *Id.* § 18.001(e), (f) (emphases added).

9

when a counteraffidavit controverts a claim in the initial affidavit, that *claim* is no longer supported by sufficient evidence through the Section 18.001 procedure. *Id.* § 18.001(b).

While a compliant counteraffidavit that controverts only a portion of the charged amounts renders the initial affidavit insufficient as to any controverted claims, it does not render the entire affidavit inadmissible.[5] In fact, the statute makes repeated reference to offering both the initial affidavit and the counteraffidavit into evidence. *See id.* § 18.001(d-1) (referencing "the party offering the affidavit in evidence"), (d-2) (same), (e-1) (referencing "the party offering the affidavit in evidence" and "the party offering the counteraffidavit in evidence"), (g) (referencing "the party offering the counteraffidavit in evidence"). And the statute anticipates that portions of an itemized bill or statement may be redacted or otherwise not presented to the jury. *See id.* § 18.002(b-2) ("If a medical bill or other itemized statement attached to an affidavit . . . reflects a charge that is not recoverable, the reference to that charge is not admissible.").

---

[5] In holding otherwise, the court of appeals placed significant emphasis on our statement in *Chefs' Produce* that "'[i]n the face of a compliant counteraffidavit, the [plaintiff] may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony.'" 711 S.W.3d at 5 (quoting *Chefs' Produce*, 667 S.W.3d at 301). Although the counteraffidavit in *Chefs' Produce* challenged only portions of the plaintiff's medical costs, the issue there was whether the entire counteraffidavit should be stricken for including an improper challenge to causation. 667 S.W.3d at 300. We held it should not be. In so holding, we indicated that the portion that improperly challenged causation remained inadmissible. *Id.* at 302. Nothing in *Chefs' Produce* compels the conclusion that the admissibility of affidavits and counteraffidavits cannot be determined at a claim-by-claim level.

10

As a practical matter, a claimant served with a compliant counteraffidavit controverting the reasonableness and necessity of only a portion of the claimed medical costs has a few options. First, he may choose to opt out of the Section 18.001 scheme altogether and seek to recover the claimed costs by providing expert testimony at trial. *See Chefs' Produce*, 667 S.W.3d at 301 ("[T]he claimant may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony."). Or the claimant may continue to rely on Section 18.001 as to the uncontroverted claims and provide expert testimony to support the controverted claims. Finally, the claimant could choose not to offer expert testimony as to the controverted claims, thereby abandoning recovery on those claims. But while it is a claimant's prerogative to rely on a partially controverted affidavit, if he chooses to do so, he must redact the controverted costs and the statements in the affidavit regarding the reasonableness and necessity of those costs; those portions are inadmissible because Section 18.001 no longer excepts them from the general hearsay rule.

In this case, no one disputes that Ortiz properly filed three Section 18.001 affidavits and that Nelapatla filed two statutorily compliant counteraffidavits controverting claims made in two of Ortiz's affidavits. And no one disagrees that the claims controverted by the counteraffidavits were not supported by sufficient evidence absent expert testimony adduced at trial. The questions before us now are whether Ortiz was nevertheless permitted to "offer[] the affidavit[s] in evidence" despite their being partially controverted, *id.* § 18.001(d-1), (d-2), (e-1), and whether the counteraffidavits were likewise admissible,

11

to support a finding that the uncontroverted amounts were reasonable and necessary. The courts below said no. We disagree. Applying the principles outlined above, we hold that the trial court erred by refusing to admit Ortiz's affidavits in their entirety solely because Nelapatla served counteraffidavits challenging only some of the matters therein. Ortiz should have been permitted to submit the uncontested portions to the jury.

How Ortiz may have properly presented the uncontroverted portions of her Section 18.001 affidavit at trial, however, presents practical issues. Nelapatla's two counteraffidavits controverted Ortiz's initial affidavits in different ways. The Le Cara counteraffidavit partially controverted Synergy's itemized statement by disputing the medical necessity of some of the services. It did not challenge the necessity of other services provided or the reasonableness of their costs. Ortiz's initial affidavit and the attached itemized statement are therefore evidence that would be sufficient to support a finding of reasonableness and necessity as to the uncontested items, and the affidavit and those portions of the itemized statement that were uncontroverted should have been admitted.

However, the portions of the affidavit and statements relating to the controverted claims are hearsay that may not be presented to the jury. Ortiz could have appropriately redacted the controverted services and accompanying charges in the statement on an item-by-item basis and submitted the redacted statement to the jury. The affidavit and unredacted portions of the statement would be sufficient evidence of the uncontroverted claims' reasonableness and necessity.

12

The Guitreau affidavit, however, controverted all six charges reflected in the LifeSciences affidavit. Although it did not dispute the necessity of the six services reflected in the statement, the counteraffidavit challenged the reasonableness of *part* of each of the six accompanying charges.[6] The portions of the initial affidavit and itemized statement demonstrating that the services were necessary was thus admissible and sufficient evidence as to the necessity of those services. But because the reasonableness of each charge was contested, Ortiz's affidavit was inadmissible as to the reasonableness of those charges.

Rather than provide expert testimony, Ortiz attempted to prove the reasonableness of the uncontroverted amount of each charge through Guitreau's counteraffidavit, which laid out what portion of each cost she attested was reasonable. The trial court denied admission of the counteraffidavit on the ground that it was hearsay. This was error. As we have stated, Section 18.001 provides for the admission of evidence that otherwise would be inadmissible hearsay. *Allstate*, 622 S.W.3d at

---

[6] Guitreau testified that:

- For two charges of $2,200.00, $1,647.72 of each charge was reasonable;

- For a $250 charge, $129.56 of the charge was reasonable;

- For another $2,200.00 charge, $2,090.00 of the charge was reasonable;

- For another $2,200.00 charge, $2,111.51 of the charge was reasonable; and

- For a final $2,200.00 charge, $2,148.03 of the charge was reasonable.

13

881–82; *see* TEX. R. EVID. 802. Section 18.001 treats both affidavits and counteraffidavits as admissible evidence; it expressly contemplates both affidavits and counteraffidavits being offered into evidence.[7] *See* TEX. CIV. PRAC. & REM. CODE § 18.001 (d-1), (d-2), (e-1), (g). As a general matter, of course, counteraffidavits *contest* the reasonableness of expenses; those counteraffidavits are, for obvious reasons, not admissible to prove that the expenses *are* reasonable. However, when, as here, a counteraffidavit affirmatively attests to what portion of the expense *is* reasonable, the counteraffidavit is admissible to support those claims.[8]

As a final point, we note that the statute repeatedly references a "party" offering a counteraffidavit, *see id.* § 18.001(d-1), (d-2), (e), (e-1), rather than a "defendant," further supporting the conclusion that a *claimant* may offer a counteraffidavit into evidence. Had the Legislature intended for counteraffidavits to be admissible only when offered by a defendant to controvert claims, it could have specified as much. Indeed, "defendant" is specifically referenced elsewhere in

---

[7] Ortiz argues that the counteraffidavits are excluded from the definition of hearsay because they are admissions by a party-opponent. *See* TEX. R. EVID. 801(e)(2). She need not rely on that exclusion, however, because the statute itself provides for their admissibility.

[8] Le Cara similarly attested to the reasonable portion of the Synergy charges, stating that the "[t]otal of reasonable and necessary chiropractic bills at usual and customary fees [sic] was $2,950." Accordingly, that portion of the Le Cara counteraffidavit would be admissible to support the reasonableness and necessity of the Synergy charges in that amount even if redaction of the initial affidavit and accompanying statements proves unworkable.

14

Section 18.001 but not when discussing submission of a counteraffidavit into evidence. *See id.* § 18.001(d)(1), (d-1), (e)(1).

In sum, if a claimant chooses to rely on Section 18.001 after being served with partially controverting counteraffidavits rather than present expert testimony, he may submit the unchallenged portions of the initial affidavit—as well as, when appropriate and necessary, portions of the counteraffidavit—to support the reasonableness and necessity of the uncontroverted matters. Further, the uncontroverted claims in the initial affidavit and accompanying medical bill or statement, along with the counteraffidavit attesting to their reasonableness and necessity, are sufficient evidence as to those uncontested amounts. *Id.* § 18.001(b). In such a case, if the jury awards past medical expenses, it can award—at most—an amount equal to the uncontroverted charges, as anything beyond that amount is unsupported by legally sufficient evidence. If the jury awards an amount greater than the total uncontroverted amount, remittitur would be appropriate.

We need not decide here all the ways a claimant may attempt to admit evidence of uncontroverted medical expenses. And nothing in this opinion calls into question the premise that a properly controverted claim cannot be proven by affidavit alone and must be supported by expert testimony. We do hold, however, that both partially controverted affidavits and counteraffidavits may be admissible evidence, and the trial court abused its discretion by excluding them.

In this case, the excluded Synergy affidavit and accompanying itemized statements, along with the Le Cara counteraffidavit,

15

constituted admissible evidence that certain services Ortiz received from Synergy were necessary and their cost of $2,950 was reasonable. The LifeSciences affidavit and accompanying itemized statements, taken together with the Guitreau counteraffidavit, constituted admissible evidence that all the services Ortiz received from LifeSciences were necessary and $9,774.54 of the associated costs was reasonable. When erroneously excluded evidence was crucial to a key issue, the error is likely harmful. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) (citing *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008)). Had Ortiz been permitted to rely on the affidavits and counteraffidavits at trial, she would have had sufficient, though not conclusive, evidence of these medical costs. But because she was prevented from relying on the affidavits, she had no evidence. We therefore hold that the erroneous exclusion of this evidence was harmful to Ortiz's ability to recover her medical costs.

Ortiz asks this Court to render judgment for the additional $12,724.54 in medical costs reflected in the unchallenged portions of the LifeSciences and Synergy affidavits. We decline to do so. Again, the Section 18.001 process provides for the introduction of sufficient, but not *conclusive*, evidence. The reasonableness and necessity of the additional $12,724.54 in medical costs Ortiz seeks is solely within the province of the factfinder. On remand, Ortiz may attempt to prove the additional medical costs with the affidavits and counteraffidavits if she chooses, and Nelapatla may challenge those costs. *See Chefs' Produce*, 667 S.W.3d at 301 ("At trial, defendants may still challenge—through

16

evidence and argument—a claimant's assertion that medical expenses are reasonable or necessary." (citing *Allstate*, 622 S.W.3d at 881)).

### III. Conclusion

Section 18.001 affidavits may be partially controverted, but a partially controverted affidavit may not be excluded from evidence in its entirety solely because portions are controverted. Section 18.001 authorizes claimants to submit uncontroverted evidence, including counteraffidavits, to the jury to prove the reasonableness and necessity of their medical costs. We therefore reverse the court of appeals' judgment and remand to the trial court for further proceedings.

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 1, 2026