**AFFIRM; Opinion Filed July 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00531-CV**

**TATIA ORTIZ, Appellant**
**V.**
**RAMU NELAPATLA, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02383-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Smith

Tatia Ortiz appeals the trial court's judgment in this personal injury case arising from an automobile collision. In three issues, Ortiz asserts the trial court erred in sustaining appellee Ramu Nelapatla's objections to the admission of medical provider affidavits served by Ortiz pursuant to Texas Civil Practice and Remedies Code section 18.001, counteraffidavits served by Nelapatla, and Nelapatla's supplemental disclosure responses designating the expert witnesses that provided the counteraffidavits. Because the trial court did not abuse its discretion, we affirm its judgment.

## Background

Ortiz sued Nelapatla, alleging that Nelapatla's negligence caused an automobile accident in which Ortiz suffered injuries. Ortiz timely served affidavits made by the custodians of record for Addison Interventional Pain, LifeSciences Imaging, and Synergy Sports Rehabilitation averring that she had incurred, respectively, $2,210, $11,250, and $6,415 in reasonable and necessary medical expenses because of the accident.

Nelapatla retained Rhonda R. Guitreau, a medical billing expert and practice management consultant, and Edward Le Cara, D.C., a practicing chiropractor. Nelapatla designated Guitreau as an expert on treatment costs and Le Cara as an expert on Ortiz's medical treatment and costs. Nelapatla timely served counteraffidavits in which Guitreau opined that $1,475 of the LifeSciences charges were not within the usual, customary, and reasonable variance for the geographical area in which the services were rendered, and Le Cara opined that certain modalities and procedures were not medically necessary or supported by medical records and $3,465 of the Synergy Sport charges were not reasonable.

Ortiz's trial exhibit list included the Addison Interventional Pain, LifeSciences, and Synergy Sports affidavits. During a pretrial hearing, Nelapatla, relying on the counteraffidavits, objected that the LifeSciences and Synergy Sports affidavits were inadmissible under section 18.001 of the civil practice and remedies

code and as hearsay. The trial court sustained Nelapatla's objections. Ortiz then moved to offer the counteraffidavits into evidence, noting that she also had designated Guitreau and Le Cara as experts. Nelapatla objected to admission of the counteraffidavits, and the trial court again sustained his objection.

During trial, Ortiz moved for the admission of her medical provider affidavits. Again relying on the counteraffidavits, Nelapatla objected to the LifeSciences and Synergy Sports affidavits, and the trial court sustained his objections. After the parties rested, Ortiz made an offer of proof, marking the LifeSciences and Synergy Sports affidavits, the counteraffidavits, and Ortiz's supplemental disclosure responses designating Guitreau and Le Cara as expert witnesses on her behalf. Ortiz also marked Nelapatla's supplemental disclosure responses designating Guitreau and Le Cara as experts. Nelapatla's counsel reurged his section 18.001 and hearsay objections to admission of the documents and again, the trial court sustained the objections.

The jury found Nelapatla negligent, awarding Ortiz $2,210 for past medical expenses, and the trial court entered a final judgment on the jury's verdict. Ortiz filed a motion for new trial solely as to damages. The motion was overruled by operation of law, and this appeal followed.

## Standard of Review

We review a trial court's decision to exclude evidence for an abuse of discretion. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex.

–3–

2001); *see also Rountree v. Cavazos*, No. 05-16-00512-CV, 2017 WL 2730422, at *1 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.) ("Because section 18.001 is an evidentiary statute, a trial court's ruling admitting or excluding section 18.001 affidavits is reviewed under an abuse of discretion standard."). We must uphold the trial court's ruling if the record shows any legitimate basis for doing so. *Rountree*, 2017 WL 2730422, at *1.

### Ortiz's Section 18.001 Affidavits

In her first issue, Ortiz contends the trial court erred in sustaining Nelapatla's objections to the LifeSciences and Synergy Sports affidavits because the counteraffidavits only partially controverted the necessity and reasonableness of those providers' charges. According to Ortiz, the trial court should have admitted the affidavits into evidence and either (1) instructed the jury that it could award, at most, an amount equal to the non-controverted charges or (2) performed a remittitur if the jury awarded an amount exceeding the non-controverted charges.

Under Texas law, a plaintiff seeking to recover its past medical expenses must prove that the expenses are reasonable and necessary. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 876 (Tex. 2021) (orig. proceeding). To do so, the plaintiff must present expert testimony at trial or an uncontroverted affidavit complying with the procedures outlined in section 18.001 of the civil practice and remedies code. *In re Chefs' Produce of Hous., Inc.*, 667 S.W.3d 297, 301 (Tex. 2023) (orig. proceeding) (per curiam); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b).

–4–

Section 18.001, designed to "streamline proof of the reasonableness and necessity of medical expenses," is an evidentiary statute; it allows for the admissibility by affidavit of evidence that would otherwise be inadmissible hearsay. *Allstate*, 622 S.W.3d at 881 (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011)); *Rountree*, 2017 WL 2730422, at *1. Section 18.001(b) provides that

> [u]nless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE § 18.001(b). An uncontroverted affidavit is sufficient, but not conclusive, evidence that medical expenses are reasonable and necessary. *Chefs' Produce*, 667 S.W.3d at 301 (citing *Allstate*, 622 S.W.3d at 881).

To controvert a section 18.001 affidavit, a defendant must timely serve the plaintiff with a counteraffidavit that provides "reasonable notice of the basis on which the [defendant] intends at trial to controvert the claim reflected by the initial affidavit . . . ." TEX. CIV. PRAC. & REM. CODE § 18.001(f). To satisfy this "reasonable notice" requirement, a counteraffidavit need only allow the plaintiff to understand "the nature and basic issues in controversy and what testimony will be relevant," such that the plaintiff has "sufficient information to enable [it] to prepare a defense or a response." *Chefs' Produce*, 667 S.W.3d at 302 (quoting *Allstate*, 622

S.W.3d at 881). If a defendant serves a compliant counteraffidavit, the plaintiff may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony. *See Allstate*, 622 S.W.3d at 877.

Ortiz at no time challenged the sufficiency of Nelapatla's counteraffidavits. Instead, she asserted that the trial court should have admitted her partially controverted affidavits.

We construe a statute to give effect to the Legislature's intent. *Gunn v. McCoy*, 554 S.W.3d 645, 672–73 (Tex. 2018) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)). In doing so, we rely on the text's plain meaning unless a different meaning is supplied by legislative definition or apparent from context, or the plain meaning leads to absurd results. *Id*.; *see also Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) ("[T]his Court presumes the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact."); *Allstate*, 622 S.W.3d at 880 (construing section 18.001(f) and concluding that nothing in its text "requires that an opinion expressed in a counteraffidavit must meet the admissibility requirements for expert testimony").

An affidavit is sufficient evidence to support a finding that the amount charged was reasonable or that the service was necessary "[u]nless" a compliant counteraffidavit is served. TEX. CIV. PRAC. & REM. CODE § 18.001(b). And, section 18.001 contemplates counteraffidavits that are "made by a person who is qualified

. . . to testify in contravention *of all or part of* any of the matters contained in the initial affidavit." *Id*. § 18.001(f) (emphasis added). Therefore, to be compliant, a counteraffidavit need not fully controvert a plaintiff's affidavit. Nothing in the plain language of section 18.001 suggests that a plaintiff is entitled to rely on a section 18.001 affidavit, in full or in part, as evidence at trial if the affidavit is only partially controverted. Had the Legislature intended to authorize use of a partially controverted affidavit as evidence at trial, it could have so provided. Instead, "[i]n the face of a compliant counteraffidavit, the [plaintiff] may not reach the jury on the reasonableness and necessity of her medical expenses without expert testimony." *Chefs' Produce*, 667 S.W.3d at 301 (citing *Allstate*, 622 S.W.3d at 877). Based on the plain meaning of section 18.001, we conclude the trial court did not abuse its discretion in sustaining Nelapatla's objections to admission of the LifeSciences and Synergy Sports affidavits.

Citing *Rountree*, 2017 WL 2730422, the dissent concludes that the trial court should have admitted uncontroverted portions of Ortiz's section 18.001 affidavits into evidence at trial. Respectfully, we disagree.

In *Rountree*, the plaintiff filed a number of billing record affidavits. The defendant filed a counteraffidavit, which the plaintiff moved to strike. *Id*. at *2. The trial court denied the motion. *Id*. At the outset of trial several of the plaintiff's affidavits were admitted into evidence without objection. *Id*. The plaintiff sought to admit the remaining affidavits because the defendant's expert had controverted

only the necessity of the treatment and not the reasonableness of the plaintiff's medical charges. *Id*. The defendant objected, asserting that its expert had controverted "all of the treatment." *Id*. The trial court told the plaintiff that she would need to call her medical doctor to refute the counteraffidavit. *Id*. Thereafter, both the plaintiff's expert and the defendant's expert testified at trial. During the testimony of the plaintiff's expert, the trial court admitted the affidavits into evidence. *Id*.

On appeal, this Court noted that it was unclear why the trial court had admitted the plaintiff's affidavits when it refused to strike the counteraffidavit. *Id*. at *3. The Court stated that the trial court may have "changed his mind" or "perhaps . . . concluded [the defendant's expert] controverted only the necessity for the medical treatment, not the reasonableness of the charges."[1] *Id*. In any event, the Court determined that the counteraffidavit did not give reasonable notice of the basis on which the defendant's expert intended at trial to controvert the plaintiff's claim that the amount charged was reasonable. *Id*. at *4. And, because it is charged with upholding a trial court's evidentiary ruling if there is any legitimate basis in the record for doing so, the Court concluded that the trial court had not abused its discretion in admitting the plaintiff's affidavits. *Id*. at *4.

---

[1] The Court cited *Moreno v. Ingram*, 454 S.W.3d 186, 188 (Tex. App.—Dallas 2014, no pet.), as support for the possibility that the trial court admitted the affidavits because the counteraffidavit controverted only the necessity for medical treatment. In *Moreno*, however, the affidavits were admitted without objection after the references to the necessity of treatment were redacted, and the issue on appeal was whether the defense expert was qualified to testify as to the necessity of certain medical treatment. *Id*.

In this case, unlike *Rountree*, Nelapatla's counteraffidavits specifically controverted the reasonableness of Ortiz's medical charges, and Ortiz did not challenge the counteraffidavits. And, unlike *Rountree*, there was no expert testimony at trial on the necessity of the medical services or the reasonableness of the medical charges. Under these circumstances and based on the plain language of section 18.001, we conclude that the trial court had a legitimate basis in the record for excluding the affidavits and, therefore, did not abuse its discretion.

Further, since *Rountree*, the supreme court has clarified aspects of section 18.001 practice. In *Allstate*, it discussed what constituted "reasonable notice" of a defendant's basis for controverting an initial affidavit's claims and held that a counteraffidavit need only allow the plaintiff to understand "the nature and basic issues in controversy and what testimony will be relevant," such that the plaintiff has sufficient information to enable it to prepare a defense or a response. 622 S.W.3d at 879.

The supreme court again addressed the statute's "reasonable notice" requirements in *Chefs' Produce*, 667 S.W.3d 297. Estrada sued Rangel and Chefs' Produce, Rangel's employer, alleging Rangel negligently caused a car accident in which Estrada was injured. *Id*. at 299. Estrada served section 18.001 affidavits showing that he had incurred approximately $20,000 in reasonable and necessary medical expenses because of the accident. *Id*. at 299–300. Defendants filed a counteraffidavit challenging the necessity and reasonableness of the expense. *Id*. at

300. In the counteraffidavit, defendants' expert concluded that some of the care Estrada received was neither necessary nor reasonable and that the rates charged for some of the medically necessary care were inflated. *Id*. The trial court struck the counteraffidavit on Estrada's motion, which argued that the counteraffidavit improperly challenged the cause of his injuries and the expert's methods for approximating a reasonable charge were unreliable. *Id*.

Defendants argued that the trial court erred in striking the counteraffidavit. *Id*. The supreme court agreed, holding that the counteraffidavit "easily satisfied" section 18.001(f)'s reasonable notice requirement because, "[w]here [defendants' expert] believe[d] that Estrada received medically unnecessary treatment, [defendant's expert] outline[d] the basis for his opinion. Where he believe[d] that Estrada's treatment was medically necessary but billed at an inflated rate, [defendants' expert] explain[ed] what data he used to formulate that opinion." *Id*. at 302.

In *Chefs' Produce*, the supreme court was considering a pretrial ruling, not the admissibility of a section 18.001 affidavit at trial. However, its analysis guides us in our determination that the trial court did not abuse its discretion in excluding Ortiz's section 18.001 affidavits. First, the supreme court found that the defendants' counteraffidavit, although it only partially challenged the necessity of Estrada's medical services and the reasonableness of the charges he incurred, complied with section 18.001(f)'s requirements. *Id*. Second, in its analysis of section 18.001, the

–10–

supreme court made clear that the effect of a defendant's filing a "compliant counteraffidavit" is that a plaintiff's "evidentiary burden on the issue is the same as if the initial affidavit had never been served." *Id*. at 301.

Finally, we note that admission of a partially controverted affidavit could prove difficult in practice. Had Ortiz requested that the trial court admit only the uncontroverted portions of her section 18.001 affidavits, we do not see how the admission would have been proper. For example, her Synergy Sports affidavit states:

> The service provided was necessary and the amount charged for the service was reasonable at the time and place that the service was provided. The amounts . . . further owed for the services total $6415.00.

Attached to the affidavit are approximately 110 pages of medical records. Le Cara controverted only $3,465 of Synergy Sport's charges, but there was no way to isolate or redact a portion of the affidavit so that it reflected only that the uncontroverted charges of $2,950 were reasonable.[2]

In sum, based on the plain meaning of section 18.001 and the supreme court's recent analysis of the statute, we conclude that the trial court did not abuse its discretion in sustaining Nelapatla's objections and excluding the LifeSciences and Synergy Sports affidavits from evidence at trial. Ortiz's first issue is overruled.

---

[2] This may explain why Ortiz, on appeal, suggests that the trial court should be required to admit her section 18.001 affidavits in full and then either instruct the jury on the appropriate amount of damages to award or perform a remittitur. We certainly read nothing in section 18.001 to require burdening the trial court with either task.

## Nelapatla's Counteraffidavits

In her second issue, Ortiz asserts the trial court erred in sustaining Nelapatla's objections when Ortiz offered Guitreau's and Le Cara's counteraffidavits into evidence.[3] Ortiz asks the Court to hold that a section 18.001 counteraffidavit constitutes an opposing party's statement and, therefore, is not hearsay. *See* TEX. R. EVID. 801(e)(2)(C), (D) (providing that a statement offered against an opposing party is not hearsay if it was made "by a person whom the party authorized to make a statement on the subject" or "by the party's agent or employee on a matter within the scope of that relationship and while it existed"). We decline to do so.

Generally, affidavits are "inadmissible hearsay upon the final trial of a case, and without probative force" because the party against whom the affidavits are introduced has no opportunity to cross-examine the affiant. *Lewallen v. Hardin*, 563 S.W.2d 356, 357 (Tex. App.—Dallas 1978, no writ); *see also* TEX. RS. EVID. 801(d), 802 (defining hearsay, which is generally not admissible, as an out-of-court statement "offered to prove the truth of the matter asserted"); *Ortega v. Cach, LLC*, 396 S.W.3d 622, 630 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Except in those instances specified by statute or rule, affidavits are not evidence in contested cases"); *Roberts v. Mullen*, 446 S.W.2d 86, 90 (Tex. App.—Dallas 1969, writ ref'd

---

[3] Ortiz did not move for admission of the counteraffidavits during the evidentiary portion of trial but, because she sought and obtained a pretrial ruling on their admissibility, we conclude she has preserved her complaint for our review. *See In re Marriage of Harrison*, 557 S.W.3d 99, 122–23 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

–12–

n.r.e.). Ortiz cites no Texas case, and we have found none, in which a court concluded that an expert affidavit is admissible at trial as a statement by a party opponent under Texas Rule of Evidence 801(e)(2).

Further, Nelapatla served the counteraffidavits in response to Ortiz's section 18.001 affidavits, consistent with the statute's purpose to "give reasonable notice of the basis on which [Nelapatla] intend[ed] at trial to controvert the claim reflected by the initial affidavit." TEX. CIV. PRAC. & REM. CODE. § 18.001(f). Ortiz, then, was required to introduce expert testimony of the reasonableness and necessity of her medical expenses and costs at trial. *See Chefs' Produce*, 667 S.W.3d at 301. Ortiz's reliance on the counteraffidavits to prove her reasonable and necessary medical expenses at trial is contrary to the procedures set out in section 18.001. Under these circumstances, we conclude the trial court had a legitimate basis for sustaining Nelapatla's objections and, therefore, did not abuse its discretion in excluding the counteraffidavits as evidence at trial. *See, e.g.*, *Hong v. Bennett*, 209 S.W.3d 795, 804 (Tex. App.—Fort Worth 2006, no pet.) (having determined that defense expert's counteraffidavit and attached report were sufficient to controvert plaintiff's section 18.001 affidavit as to plaintiff's chiropractic expenses, appellate court held trial court abused its discretion in admitting both affidavit and counteraffidavit at trial). Accordingly, Ortiz's second issue is overruled.

## Nelapatla's Supplemental Disclosure Responses

In her third issue, Ortiz contends the trial court erred in excluding Nelapatla's supplemental expert designation disclosure responses, which incorporated the counteraffidavits by reference, from evidence. Ortiz asserts that the responses were Nelapatla's contentions and, citing Texas Rule of Civil Procedure 194.6, argues that the responses would have been inadmissible only if they were later amended or supplemented.

Ortiz did not request that the trial court admit the disclosure responses into evidence during either the pretrial hearing or the evidentiary portion of trial. Instead, she marked them during her offer of proof after the parties rested, stating only that she was offering them into evidence "so the jury can see that they've designated [Guitreau] to testify that the reasonable medical charges for the imaging services are $9,700" and designated Le Cara "as an expert witness as well." By not offering the disclosure responses into evidence and obtaining a ruling before the parties rested, Ortiz did not preserve this complaint for our review. *See* TEX. R. APP. P. 33.1; *Sharnese v. Lopez*, No. 05-15-00780-CV, 2017 WL 2665268, at \*2 (Tex. App.—Dallas June 21, 2017, pet. denied) (mem. op.) ("Because Sharnese did not get a ruling from the trial court on the admissibility of her damages exhibits when she first attempted to offer them, and then failed to offer the exhibits again during the evidentiary portion of the trial, she failed to preserve this issue for our review.");

–14–

*Carlile v. RLS Legal Sols., Inc.*, 138 S.W.3d 403, 411 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (same). Ortiz's third issue is overruled.

## Conclusion

Nelapatla filed counteraffidavits that satisfied the requirements of section 18.001 for the purpose of providing notice to Ortiz of the nature and basic issues in controversy so that Ortiz would have "sufficient information to enable [her] to prepare a defense or a response." *See Chefs' Produce*, 667 S.W.3d at 302. Ortiz did not challenge the counteraffidavits. Under the circumstances presented, we conclude the trial court did not abuse its discretion in sustaining Nelapatla's objections to admission of Ortiz's section 18.001 affidavits and Nelapatla's counteraffidavits as proof of the reasonableness and necessity of Ortiz's medical services and charges.

We affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

Partida-Kipness, J., dissenting.
220531F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TATIA ORTIZ, Appellant

No. 05-22-00531-CV          V.

RAMU NELAPATLA, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-02383-2020.
Opinion delivered by Justice Smith. Justices Partida-Kipness and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RAMU NELAPATLA recover his costs of this appeal from appellant TATIA ORTIZ.

Judgment entered this 18th day of July 2023.